## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| MICHAEL YAMASHITA | : | Civ. No. 2:16-cv-03839 (SRC)(CLW) |
| and MICHAEL YAMASHITA, INC., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | **ORAL ARGUMENT REQUESTED** |
| v. | : | |
| | : | |
| SCHOLASTIC INC., | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
## MOTION TO DISMISS THE COMPLAINT OR,
## IN THE ALTERNATIVE, TO TRANSFER VENUE

LOWENSTEIN SANDLER LLP
Robert J. Kipnees
Jamie Gottlieb Furia
65 Livingston Avenue
Roseland, New Jersey 07068
Phone:  (973) 597-2500
Fax:  (973) 597-2400

FRANKFURT KURNIT KLEIN & SELZ, P.C.
Edward H. Rosenthal*
Nicole Bergstrom*
488 Madison Avenue, 10th Floor
New York, New York 10022
Phone:  (212) 980-0120
Fax:  (212) 593-9175
*Admitted *pro hac vice*

*Attorneys for Defendant Scholastic Inc.*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .................................................................................................. 1

FACTUAL ALLEGATIONS ................................................................................................... 2

ARGUMENT .......................................................................................................................... 4

    I.     STANDARD OF REVIEW ON A MOTION TO DISMISS ................................ 4

    II.    PLAINTIFFS FAIL TO STATE A CLAIM FOR COPYRIGHT INFRINGEMENT ........................................................................................... 4

          A.    Plaintiffs Have Not Identified by What Acts and During What Time Their Copyrights Were Allegedly Infringed ..................................... 5

          B.    Plaintiffs Are Not Entitled to an Audit of Scholastic's Uses of Their Photographs ................................................................................ 7

    III.   THIS CASE SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF NEW YORK ....................................................................... 8

          A.    The Forum Selection Clauses are Binding on the Parties ........................ 10

          B.    The Forum Selection Clauses Cover Plaintiffs' Claims .......................... 10

          C.    Even Considering the Private and Public Interest Factors, Transfer is Warranted ...................................................................................... 12

    IV.   SHOULD THIS CASE PROCEED, DISCOVERY SHOULD BE LIMITED TO WHETHER THE COMPLAINT IS BARRED BY THE STATUTE OF LIMITATIONS ................................................................. 14

CONCLUSION ................................................................................................................... 16

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)......................................................................................4, 8

*Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for Western Dist. of Texas,*
  134 S. Ct. 568 (2013).................................................................................9, 10, 12

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007)...........................................................................................4

*Crescent Intern., Inc. v. Avatar Communities, Inc.,*
  857 F.2d 943 (3d Cir. 1988)............................................................................11

*Douglas v. Kimberly-Clark Corp.,*
  Civ. No. 92-3394, 1992 WL 189411 (E.D. Pa. July 28, 1992)................................6

*eScholar, LLC v. Otis Educ. Sys., Inc.,*
  387 F. Supp. 2d 329 (S.D.N.Y. 2005)......................................................................8

*Fowler v. UPMC Shadyside,*
  578 F.3d 203 (3d Cir. 2009)..............................................................................4

*Gee v. CBS, Inc.,*
  471 F. Supp. 600 (E.D. Pa.), *aff'd,* 612 F.2d 572 (3d Cir. 1979) .........................4, 5

*Goldstein v. Roxborough Real Estate, LLC,*
  Civ. No. 15-3835, 2015 WL 5823056 (D.N.J. Oct. 2, 2015)...................................10

*Grant Heilman Photography, Inc. v. McGraw-Hill Cos., Inc.,*
  28 F. Supp. 3d 399 (E.D. Pa. 2014) ..................................................................14

*IT Network Sols., LLC v. Kaseya U.S. Sales, LLC,*
  Civ. No. 14-3455, 2015 WL 733710 (D.N.J. Feb. 20, 2015) ...................................12

*Iza Music Corp. v. W&K Music Corp.,*
  995 F. Supp. 417 (S.D.N.Y. 1998) .......................................................................8

*John Wiley & Sons, Inc. v. Golden,*
  Civ. No. 14-942, 2015 WL 716880 (D.N.J. Feb. 19, 2015) .....................................5

*Jon Feingersh Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.,*
  Civ. No. 13-2378, 2014 WL 716723 (E.D. Pa. Feb. 25, 2014) ...............9, 10, 11, 13

*Jon Feingersh Photography, Inc. v. Pearson Educ., Inc.*,
    978 F. Supp. 2d 463 (E.D. Pa. 2013) .................................................................10

*Jumara v. State Farm Ins. Co.*,
    55 F.3d 873 (3d Cir. 1995)..................................................................12, 13

*Keller v. Scholastic, Inc.*,
    Civ. No. 2:16-01829 (E.D. Pa.), Dkt No. 26 ....................................................10

*Lefkowitz v. John Wiley & Sons, Inc.*,
    Civ. No. 13-1662, 2013 WL 4079923 (E.D. Pa. Aug. 13, 2013) ...........................10

*Lefkowitz v. McGraw-Hill Cos.*,
    Civ. No. 13-1661, 2013 WL 3061549 (E.D. Pa. June 19, 2013) ...........................10

*Levey v. Brownstone Inv. Grp., LLC*,
    Civ. No. 11-395, 2013 WL 3285057 (D.N.J. June 26, 2013), *aff'd*, 590 F.
    App'x 132 (3d Cir. 2014)..................................................................5, 6, 7

*Mohsen v. Morgan Stanley & Co.*,
    Civ. No. 11-6751, 2013 WL 5312525 (S.D.N.Y. Sept. 23, 2013)...........................9

*Palmer Kane LLC v. Scholastic Corp.*,
    Civ. No. 12-3890, 2013 WL 709276 (S.D.N.Y. Feb. 27, 2013)...............................6

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
    134 S. Ct. 1962 (2014) ..................................................................2, 14, 15

*Quadratec, Inc. v. Turn 5, Inc.*,
    Civ. No. 13-6384, 2015 WL 4876314 (E.D. Pa. Aug. 13, 2015) ............................6

*Schmidt v. Skolas*,
    770 F.3d 241 (3d Cir. 2014)...............................................................9

*Sohm v. McGraw-Hill Global*,
    Civ. No. 2:16-01316 (C.D. Cal.), Dkt No. 44 ....................................................10

*Sohm v. Scholastic Inc.*,
    Civ. No. 2:16- 03777 (C.D. Cal.), Dkt No. 23 ..................................................10

*Stampone v. Stahl*,
    Civ. No. 05-192, 2005 WL 1694073 (D.N.J. July 19, 2005).................................5, 6

*Sunbelt Corp. v. Noble, Denton & Assocs., Inc.*,
    5 F.3d 28 (3d Cir. 1993)...................................................................13

*Travelers Indem. Co. v. Dammann & Co.*,
    592 F. Supp. 2d 752 (D.N.J. 2008), *aff'd*, 594 F.3d 238 (3d Cir. 2010)..................15

*William A. Graham Co. v. Haughey*,
    568 F.3d 425 (3d Cir. 2009)...........................................................................14

*Wolfe v. United Artists Corp.*,
    583 F. Supp. 52 (E.D. Pa. 1983) ......................................................................8

*Wu v. John Wiley & Sons, Inc.*,
    Civ. No. 14-6746, 2015 WL 5254885 (S.D.N.Y. Sept. 10, 2015)..........................15

*Young-Wolff v. McGraw-Hill Cos.*,
    Civ. No. 13-4372, 2014 WL 349711 (S.D.N.Y. Jan. 31, 2014) .............................7

**Statutes**

17 U.S.C. § 501 *et seq.*..................................................................................3

28 U.S.C. § 1404(a) ....................................................................................1, 12

Federal Rule of Civil Procedure 12(b)(6) ........................................................1, 4

Defendant Scholastic Inc. ("Scholastic" or "Defendant") submits this Memorandum, pursuant to Federal Rule of Civil Procedure 12(b)(6), in support of its Motion to Dismiss the Complaint ("Complaint") of Plaintiffs Michael Yamashita ("Yamashita") and Michael Yamashita, Inc. ("MYI" and, collectively, "Plaintiffs"), or, in the alternative, to transfer this action to the Southern District of New York pursuant to 28 U.S.C. § 1404(a).

## PRELIMINARY STATEMENT

Plaintiffs bring this lawsuit for copyright infringement against Scholastic based on pure speculation.  They allege that Scholastic properly licensed photographs from their agents for use in certain Scholastic publications, and suggest that Scholastic *may* have violated those licenses in some unspecified way.  The apparent basis for this accusation is that Scholastic has been sued in the past by other photographers, presumably regarding other photographs and publications. Instead of alleging *how* or *when* (or even *if*) Scholastic infringed their photographs, as is required to state a claim for copyright infringement, Plaintiffs are attempting to use this lawsuit to force Scholastic to turn its offices upside down for information on photographs, in some cases licensed seventeen years ago, in the hope that an infringement claim will materialize.  Plaintiffs' attempt to secure an audit of Scholastic's uses of their photographs – a right they do not have under the Copyright Act (or any contract they point to) – should be denied and their claims dismissed for failure to adequately plead infringement.

Moreover, by bringing this lawsuit in the District of New Jersey, Plaintiffs ignore the provisions in their agents' agreements with Scholastic that require that any disputes be venued in New York.  Accordingly, if this action continues, it should be transferred to the Southern District of New York, as has happened in several other claims brought against publishers by the same plaintiffs' counsel.

If this case is permitted to go forward in this District, discovery at the outset of the case should be limited to determining which, if any, of Plaintiffs' claims have been brought within the three-year statute of limitations for copyright claims. While Plaintiffs surely will argue that they only recently "discovered" their claims, the reality is that Plaintiffs knew that their photographs were licensed to Scholastic and knew that their photographs were used in books published by Scholastic as early as the late-1990s. They also knew that Scholastic (and other publishers) have been sued for copyright infringement by photographers in cases going back to at least 2011. Finally, even if some of their claims are not time barred, Plaintiffs are not entitled to any monetary recovery for sales that date back more than three years, as made clear by the Supreme Court in *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1969 (2014).

## FACTUAL ALLEGATIONS

Plaintiff Yamashita is a professional photographer residing in New Jersey. Complaint ¶ 2. Plaintiff MYI is a New Jersey corporation solely owned by Yamashita. *Id.* Defendant Scholastic is a New York publisher and distributer of children's books, with its principal place of business at 557 Broadway, New York, New York 10012. *Id.* ¶ 4. Plaintiffs allege that they own the copyrights in certain photographic images identified in the exhibit to the Complaint (the "Photographs"), which they licensed to Scholastic for specified uses through the stock photography agency Corbis Corporation ("Corbis") beginning in 1999. *Id.* ¶¶ 7-11, Ex. 1.

Plaintiffs acknowledge in their Complaint that they licensed their photographs under agreements with Corbis (*id.* ¶ 9), by which they "authoriz[ed] Corbis to grant limited licenses for use of the Photographs to Scholastic." *Id.* ¶ 9. Scholastic also operated under a series of over-arching "preferred vendor agreements" with Corbis, which, by their terms, shaped its licensing procedures, including four that cover the time periods during which a number of the uses identified in the Complaint were licensed (the "PVAs"). *See* Declaration of Edward H.

Rosenthal, dated September 14, 2016 ("Rosenthal Decl.") ¶¶ 2-6, Exs. A-D. The PVAs all contain a mandatory New York forum selection clause.[1] *See id.* Ex. A ¶ 21 (". . . any dispute regarding this Agreement shall be governed by the laws of the State of New York, Article 2 of the Uniform Commercial Code and 17 U.S.C. § 501 *et seq.*, as amended, and the parties agree to accept the *exclusive jurisdiction* of the state and federal courts located in New York, New York, USA") (emphasis added); Ex. B at p. 9; Exs. C-D ¶ 21 ("Any dispute regarding this Agreement shall be governed by the laws of the State of New York, and by Titles 15, 17 and 35 of the U.S.C., as amended, and the parties agree to accept the *exclusive jurisdiction* of the state and federal courts located in New York, New York, USA, regardless of conflicts of laws") (emphasis added).

Turning to Plaintiffs' allegations, nowhere in the Complaint do Plaintiffs allege with any specificity how or when their Photographs were infringed. Rather, Plaintiffs provide a list of images licensed to Scholastic by Corbis (*id.* Ex. 1)[2] and make a blanket allegation that "Scholastic exceeded the licenses and infringed Yamashita's copyrights in various ways," providing a laundry list of the ways in which these images might have been infringed. *Id.* ¶ 13. Plaintiffs further allege that Scholastic has used these Photographs in "additional publications that have not yet been identified" (the "Additional Uses"). *Id.* ¶ 14.

As the Complaint makes clear, Plaintiffs plead in this way because they have no specific information on how or when – or, indeed, *if* – their Photographs have been infringed. Rather, Plaintiffs allege that "Scholastic alone knows the full extent to which it has infringed

---

[1] Plaintiffs have failed to provide their agreements with Corbis. But it is very likely that some, if not many, of the agreements also contain provisions requiring venue in New York. *See* Rosenthal Decl. ¶ 7.

[2] Except for two of the uses alleged, the exhibit fails to identify even the titles or other identifying information, such as International Standard Book Numbers ("ISBNs"), for the publications in which Plaintiffs claim that Scholastic violated their rights. *See id.* Ex. 1.

Yamashita's copyrights by making unauthorized uses of the Photographs, but it has not shared this knowledge with Yamashita" (*id.* ¶ 15), and point to other lawsuits against Scholastic, which began in 2011. *Id.* ¶ 16. Yet, despite admitting that they have no information on whether their Photographs were infringed, Plaintiffs bring suit for copyright infringement against Scholastic, citing licenses covering 119 uses, 85 of which date from ten years ago or earlier. *Id.* Ex. 1.

## ARGUMENT

### I.    STANDARD OF REVIEW ON A MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) mandates dismissal of a cause of action if it does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mere conclusory averments are insufficient to meet this pleading threshold; rather, a claim must be supported by specific factual allegations, which if accepted as true, are sufficient to support the accusation's plausibility. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("'conclusory' or 'bare-bones' allegations will no longer survive a motion to dismiss") (citing *Iqbal*, 556 U.S. at 678). Although "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

### II.    PLAINTIFFS FAIL TO STATE A CLAIM FOR COPYRIGHT INFRINGEMENT

"The Rule 8 requirements have been expressly applied to copyright actions by virtue of the Supreme Court Rules of Practice for Proceedings in Copyright." *Gee v. CBS, Inc.*, 471 F. Supp. 600, 643 (E.D. Pa.), *aff'd*, 612 F.2d 572 (3d Cir. 1979) (citing 2a Moore's Federal Practice P 8.17(7) at 1766 (2d ed. 1978)). Rule 8 requires Plaintiffs to "particularize [their] claim so defendants would have sufficient notice to permit them to file a responsive pleading." *Id.* at 644.

4

To survive a motion to dismiss, a complaint for copyright infringement must allege: (1) which specific original works are the subject of the copyright claim; (2) that the plaintiffs own the copyrights in those works; (3) that the works in question have been registered with the Copyright Office in accordance with the statute; and (4) by what acts and during what time the defendant infringed the copyright.  *Id.* at 643; *Stampone v. Stahl*, Civ. No. 05-192, 2005 WL 1694073, at *2 (D.N.J. July 19, 2005) ("To be sufficient under Rule 8, plaintiff needs to allege 'which specific original work is the subject of the copyright claim, that plaintiff owns the copyright, that the work in question has been registered in compliance with the statute and by what acts and during what time defendant has infringed the copyright.'") (quoting *Gee*, 471 F. Supp. at 643).[3] Pleadings that are "vague and illusive" are inadequate.  *Gee*, 471 F. Supp. at 644.  Based on this standard, Plaintiffs' conclusory copyright infringement claims must be dismissed.

### A. Plaintiffs Have Not Identified by What Acts and During What Time Their Copyrights Were Allegedly Infringed

Plaintiffs fail to allege "by what acts and during what time" Scholastic purportedly infringed their copyrights.  The Complaint merely states that "Scholastic exceeded the licenses and infringed Yamashita's copyrights in various ways."  Complaint ¶ 13.  The only specific facts are found in the spreadsheet, attached as Exhibit 1 to the Complaint, and containing a list of Photographs that Plaintiffs say were properly licensed to Scholastic.  *Id.* ¶¶ 10-11, Ex. 1.

These generalized pleadings cannot withstand a motion to dismiss.  *See Stampone*, 2005 WL 1694073, at *2 (generalized allegations of infringement were "'too broad and sweeping to

---

[3] Scholastic anticipates that Plaintiffs will argue that this District has not adopted *Gee's* heightened pleading standard.  While Scholastic concedes that Courts in this District have, in certain cases, applied a lesser standard, *see John Wiley & Sons, Inc. v. Golden*, Civ. No. 14-942, 2015 WL 716880, at *9 (D.N.J. Feb. 19, 2015), the Third Circuit, while not explicitly adopting the standard, has affirmed both *Gee* and at least one other case applying the Rule 8 standard to dismiss claims of copyright infringement.  *See Levey v. Brownstone Inv. Grp., LLC*, Civ. No. 11-395, 2013 WL 3285057, at *6 (D.N.J. June 26, 2013), *aff'd*, 590 F. App'x 132 (3d Cir. 2014).

satisfy Rule 8'" where Complaint "fail[ed] to allege with any specificity acts of copyright infringement") (quoting *Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 230 (S.D.N.Y. 2000)); *Levey*, 2013 WL 3285057, at \*6 (dismissing infringement claim for failure to plead by what acts plaintiff's work was infringed where "Plaintiff's allegation of infringement rests on speculation"); *see also Palmer Kane LLC v. Scholastic Corp.*, Civ. No. 12-3890, 2013 WL 709276, at \*3 (S.D.N.Y. Feb. 27, 2013) (the generalized and conclusive pleadings that defendant "exceeded the licenses it obtained to use Plaintiffs' images, reused Plaintiffs works without a license" and used the images "without permission" or "prior to obtaining permission" were insufficient to state a claim); *but see Quadratec, Inc. v. Turn 5, Inc.*, Civ. No. 13-6384, 2015 WL 4876314, at \*5 (E.D. Pa. Aug. 13, 2015).[4]  This is particularly true for the Additional Uses, for which Plaintiffs fail to identify any publications in which the Photographs were allegedly used, or when they were published.

Even in those limited instances where the exhibit identifies license terms, it provides no facts to support the Plaintiffs' claims that the licenses were infringed, nor does it provide any timeframe for the purported infringements.  This too is fatal to Plaintiffs' copyright claims.  *See Douglas v. Kimberly-Clark Corp.*, Civ. No. 92-3394, 1992 WL 189411, at \*1 (E.D. Pa. July 28, 1992) (dismissing copyright claim for failure to "provide[] the time or the dates on which defendant infringed the copyright"); *see also Palmer Kane LLC*, 2013 WL 709276, at \*3 ("Although Exhibit A, listing Palmer Kane's works contains an invoice date for each of the

---

[4] While other courts have, in some cases, allowed vaguely-plead claims to proceed past the motion to dismiss stage (*see Quadratec*, 2015 WL 4876314, at \*5), unlike *Quadratec*, Plaintiffs are purposely vague, attempting to use this action to gain an audit of Scholastic's uses of their Photographs.  As shown in Section II(B) below, because this is a right Plaintiffs do not have, this strategy should be rejected and the Complaint dismissed.

images, the complaint makes no mention of these dates, let alone how they relate to a time period in which Scholastic infringed on Palmer Kane's copyrights").

Plaintiffs try to mask the lack of any factual support by pointing to other lawsuits against Scholastic. *See* Complaint ¶ 16. However, these allegations involving other photographers, publications and photographs, do nothing to support Plaintiffs' claims regarding the Photographs. *See Levey*, 2013 WL 3285057, at *6 (allegations that defendant's software infringed plaintiff's because it was bore similarities to a non-party's software insufficient to establish copyright infringement).

Simply put, vague and conclusory allegations of infringement, accompanied by spreadsheets containing lists of images that were published by Scholastic, cannot state valid claims for copyright infringement.

## B. Plaintiffs Are Not Entitled to an Audit of Scholastic's Uses of Their Photographs

Plaintiffs make clear that their actual goal is an audit of Scholastic's uses of their Photographs. Rather than identify specific acts by which Scholastic infringed the Photographs, they admit they do not have this information, instead claiming that "Scholastic alone knows the full extent to which it has infringed Yamashita's copyrights by making unauthorized uses of the Photographs, but it has not shared this knowledge with Yamashita." Complaint ¶ 15. But, the rights afforded to copyright owners are clearly enumerated in Section 106 of the Copyright Act, and nothing in Section 106 or elsewhere grants copyright owners a statutory right to audit Scholastic's supposed uses of their works. *See* 17 U.S.C. § 106; *see also Young-Wolff v. McGraw-Hill Cos.*, Civ. No. 13-4372, 2014 WL 349711, at *6-8 (S.D.N.Y. Jan. 31, 2014) ("Plaintiff points to neither case law nor language in the Copyright Act indicating that a copyright owner has an inherent right to sue a licensee for an audit.").

Were such a right to exist under the Copyright Act, it would render superfluous all contractual audit rights that copyright holders and licensees bargain for on a regular basis. Indeed, in cases where parties have made claims related to an accounting or audit of copyright uses, those allegations have invoked state law claims, different and apart from claims under the Copyright Act. *See Wolfe v. United Artists Corp.*, 583 F. Supp. 52, 56-57 (E.D. Pa. 1983) (Plaintiff's accounting claim stemmed from agreements between parties and not from his rights under the Copyright Act); *see also Iza Music Corp. v. W&K Music Corp.*, 995 F. Supp. 417, 418 (S.D.N.Y. 1998) (a joint author's right to an accounting is a state law claim, not a copyright claim); *eScholar, LLC v. Otis Educ. Sys., Inc.*, 387 F. Supp. 2d 329, 333 (S.D.N.Y. 2005) (contractual claim for a right to audit and receive license fee sought to protect rights is "qualitatively different" from those protected by copyright and therefore not preempted by the Copyright Act).

Scholastic respectfully submits that this Court should not permit Plaintiffs to use the litigation process to conduct what they admit is an audit of Scholastic's activities over the past 17 years, all based upon mere speculation that licensed Photographs may have been exceeded in some unspecified way, particularly as this is precisely what Rule 8 is meant to prevent. *See Iqbal,* 556 U.S. at 678-79 (Although "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

## III.    THIS CASE SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF NEW YORK

If this case is not dismissed, it should be transferred to the Southern District of New York.  As the Supreme Court held in *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for Western Dist. of Texas*, 134 S. Ct. 568 (2013), when a defendant in a civil case seeks to enforce a forum

selection clause, "a district court should transfer the case *unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer*." *Id.* at 575 (emphasis added); *see also Jon Feingersh Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*, Civ. No. 13-2378, 2014 WL 716723, at *2 (E.D. Pa. Feb. 25, 2014) (in the Third Circuit, "[a] valid forum selection clause 'is treated as a manifestation of the parties' preferences as to a convenient forum. . . . Thus, while courts normally defer to a plaintiff's choice of forum, such deference is inappropriate where the plaintiff has already freely contractually chosen an appropriate venue.'") (quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 880 (3d Cir. 1995)).

Here, Scholastic and Plaintiffs' agent, Corbis, bargained for such a forum selection clause. The PVAs that Scholastic has, to this point, been able to locate – which cover at least 84 of the 119 uses at issue here, or just over 70% (*compare* dates of invoices listed in Complaint Ex. 1, rows 9-18, 29-74, 81-90, 95-104, 106-110, 115-116, 118 *with* dates of agreements in Rosenthal Decl. Exs. A-D) – all contain mandatory New York forum selection clauses, indicating that the parties have chosen to litigate in the Southern District of New York. *See* Rosenthal Decl. Exs. A-D.[5]  Discovery may yield additional PVAs or suggest that the PVAs were effective, in practice, beyond the dates indicated therein. Thus, pursuant to *Atlantic Marine*, this matter should be transferred to that District. *Id.* at 575.

As Plaintiffs' counsel is well aware, having lost a number of transfer motions, courts in this Circuit (and elsewhere) have enforced this same forum selection clause against photographer plaintiffs and transferred similar cases. *See Lefkowitz v. McGraw-Hill Cos.,* Civ. No. 13-1661, 2013 WL 3061549, at *4 (E.D. Pa. June 19, 2013); *Lefkowitz v. John Wiley & Sons, Inc.*, Civ.

---

[5] On either a motion to dismiss or motion to transfer venue, the Court may rely on a contract that forms the basis of Plaintiffs' claims, such as the PVAs here, even if it is not attached to the Complaint. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014); *Mohsen v. Morgan Stanley & Co.*, Civ. No. 11-6751, 2013 WL 5312525, at * 3 (S.D.N.Y. Sept. 23, 2013).

No. 13-1662, 2013 WL 4079923, at *2 (E.D. Pa. Aug. 13, 2013); *Feingersh*, 2014 WL 716723, at *3-4; Order of the Honorable S. James Otero in *Sohm v. McGraw-Hill Global*, Civ. No. 2:16-01316 (C.D. Cal.), Dkt No. 44, dated June 6, 2016; Order of the Honorable Stephen V. Wilson in *Sohm v. Scholastic Inc.*, Civ. No. 2:16- 03777 (C.D. Cal.), Dkt No. 23, dated September 6, 2016; *but see Jon Feingersh Photography, Inc. v. Pearson Educ., Inc.*, 978 F. Supp. 2d 463 (E.D. Pa. 2013); Order of the Honorable Wendy Beetlestone in *Keller v. Scholastic, Inc.*, Civ. No. 2:16-01829 (E.D. Pa.), Dkt No. 26, dated August 18, 2016.

### A.  The Forum Selection Clauses are Binding on the Parties

Scholastic anticipates that Plaintiffs will argue that the forum selection clauses are not binding on them, as they were not signatories.  However, Plaintiffs allege that they entered into agreements with Corbis "authorizing Corbis to grant limited licenses for use of the Photographs to Scholastic.  Complaint ¶ 9.  They further allege that "Yamashita – *acting through Corbis* – sold Scholastic limited licenses to use copies of the Photographs."  *See id.* ¶ 10 (emphasis added).  Plaintiffs had a principal-agent relationship with Corbis, and are bound by the PVAs Corbis signed to litigate disputes in New York.  *See Goldstein v. Roxborough Real Estate, LLC*, Civ. No. 15-3835, 2015 WL 5823056, at *2 (D.N.J. Oct. 2, 2015) (nonsignatory properly bound to agreement by agency principles).[6]

### B.  The Forum Selection Clauses Cover Plaintiffs' Claims

---

[6] To the extent Plaintiffs will argue that the individual invoices identified in Exhibit 1, and not the PVAs, govern, the PVAs, in all caps, indicate that "BY OBTAINING, USING OR PAYING FOR ANY CONTENT FROM CORBIS, YOU AGREE TO BE BOUND BY AND COMPLY WITH ALL OF THE TERMS OF THIS AGREEMENT."  Rosenthal Decl. Exs. C, D.  They go on to say that "[a]ny and all *licenses* granted by Corbis are conditioned upon [] Your compliance with all provisions of this Agreement."  *Id.* (emphasis added).  Finally, they define the "Agreement" to include "the terms and conditions (i) herein, (ii) in the Invoice(s) and (iii) and in the Specific Content Web Page(s) applicable to the Content licensed hereunder, all of which incorporated into this Agreement by reference.  *Id.*

Moreover, while Plaintiffs may argue that copyright claims do not fall within these forum selection clauses, this argument is contradicted by case law from this Circuit. Courts have generally held that a forum-selection clause applies to tort and other non-contract claims where "the claims arise out of the contractual relation and implicate the contract's terms." *Crescent Intern., Inc. v. Avatar Communities, Inc.,* 857 F.2d 943, 944-45 (3d Cir. 1988). That is undoubtedly the case here, where Plaintiffs have alleged that their agent's ability to grant licenses for the Photographs at issue stems from the agency relationship. *See* Complaint ¶¶ 9-10. More to the point, the clauses all specifically include claims governed by "Title[] . . . 17 . . . of the U.S.C.," *i.e.,* the Copyright Act. Rosenthal Decl. Exs. B at p. 9 and C-D ¶ 21; *see also* Ex. A ¶ 21. In *Feingersh* the court specifically found that the Corbis forum selection clause identical to the one in most of the PVAs (*compare* Rosenthal Decl. Exs. C-D ¶ 21 *with Feingersh,* 2014 WL 716723, at *2) extends to copyright infringement claims. *See Feingersh*, 2014 WL 716723, at *4 (citing *Lefkowitz,* 2013 WL 4079923).

**C. Even Considering the Private and Public Interest Factors, Transfer is Warranted**

These forum selection clauses alone require transfer and this Court therefore need not consider the additional private and public interest factors it would weigh in analyzing transfer before *Atlantic Marine*. *See id.* at 581-82 (limiting the considerations on a motion to transfer in the face of a valid forum selection clause); *see also IT Network Sols., LLC v. Kaseya U.S. Sales, LLC*, Civ. No. 14-3455, 2015 WL 733710, at *5 (D.N.J. Feb. 20, 2015) (holding that, after *Atl. Marine,* "plaintiff's choice of forum merits no weight," . . . "a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests" . . . and "transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations").

If those additional factors are considered, however, the reasons for transfer become even more compelling. The "private interests" relevant to a motion to transfer venue as established by the Third Circuit include:

> [P]laintiff's forum preference as manifested in the original choice, the defendant's preference, whether the claim arose elsewhere, the convenience of the parties as indicated by their relative physical and financial condition, the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Jumara,* 55 F.3d at 879-80. The "public interest" factors include:

> [T]he enforceability of the judgment, practical considerations that could make the trial easy, expeditious or inexpensive, the relative administrative difficulty in the two fora resulting from the court congestion, the local interests in deciding local controversies at home, the public policies of the fora, and the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879.  Again, in *Feingersh*, the court, facing a nearly identical set of facts, found that the private interest factors favored transfer, and the public interest factors were neutral.  *Feingersh*, 2014 WL 716723, at *3-4.  The same conclusion is warranted here.  The parties consented to venue in the Southern District (Rosenthal Decl. Exs. A-D), and Scholastic – and thus its witnesses and documents – are located in the Southern District (Complaint ¶ 4).  Indeed, this is particularly important here where, taking Plaintiffs at their allegations, Plaintiffs have no documents or information showing infringement, and all relevant information on the alleged infringement is instead in Scholastic's possession.  *Id.* ¶ 15 ("Scholastic alone knows the full extent to which it has infringed Yamashita's copyrights by making unauthorized uses of the Photographs, but it has not shared this knowledge with Yamashita").  Thus, the private interest factors favor transfer.  As to the public interest factors, as the court in *Feingersh* noted, there is no reason to think that this Court would be any more familiar with the controversy at issue than a New York court, nor would it be more cumbersome or expensive to litigate in New York.  *Id.*, at *4.  These factors are, at best, neutral, and do not warrant ignoring valid and bargained-for forum selection clauses.

Because the PVAs contain exclusive forum selection clauses, and the private interest factors favor litigation in New York, if this action is not dismissed, it should be transferred to the Southern District of New York.[7]

---

[7] Although a small percentage of the claims are not specifically captured by the date ranges of the PVAs that Scholastic has, to this point, been able to locate, all of Plaintiffs' claims are based on the same allegations and will require the same discovery.  Judicial efficiency would therefore counsel against severing any claims.  *See Sunbelt Corp. v. Noble, Denton & Assocs., Inc.*, 5 F.3d 28, 33 (3d Cir. 1993) (partial transfer inappropriate where it "would require the same issues to be litigated in two places" (internal quotations omitted)).

## IV.   SHOULD THIS CASE PROCEED, DISCOVERY SHOULD BE LIMITED TO WHETHER THE COMPLAINT IS BARRED BY THE STATUTE OF LIMITATIONS

If this case is permitted to go forward in this District, discovery at the outset of the case should be limited to determining which, if any, of Plaintiffs' claims have been brought within the three-year statute of limitations for copyright claims.

While Plaintiffs may argue that they only just "discovered" their claims pursuant to the discovery rule outlined by the Third Circuit in *William A. Graham Co. v. Haughey*, 568 F.3d 425, 437 (3d Cir. 2009), *Haughey* cannot save the Complaint for two reasons. *First*, the Supreme Court decision in *Petrella* – which was decided later – casts doubt on the viability of the "discovery rule." *See Grant Heilman Photography, Inc. v. McGraw-Hill Cos., Inc*., 28 F. Supp. 3d 399, 411 (E.D. Pa. 2014) (finding the statute of limitations language in *Petrella* "suggestive", but applying the discovery rule).  Indeed, the injury rule makes sense.  Copyright infringement is a tort, and "the traditional rule is that 'the tort cause of action accrues and the statute of limitations commences to run, when the wrongful act or omission results in damages. The cause of action accrues even though the full extent of the injury is not then known or predictable.'"  6 Patry on Copyright § 20:17 (citing *Wallace v. Kato*, 549 U.S. 384, 391 (2007)).

*Second,* even if the discovery rule applies, this "discovery" must necessarily occur when Plaintiffs have the information necessary to bring suit.  *See Haughey,* 568 F.3d at 438 (Under the discovery rule, a claim under the Copyright Act does not accrue until "the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim.").  Plaintiffs' claims rely on the information that: (1) their agent licensed certain of their Photographs beginning in 1999; and (2) Scholastic (and other publishers) had been sued by photographers beginning in 2011.  Plaintiffs have no more information now than they did when their Photographs were published by Scholastic, and – assuming this information is sufficient to

14

meet the pleading standard, which Scholastic argues it is not – could therefore have as easily commenced this suit at that time, now many years ago.  Thus Plaintiffs "discovered" their claims well beyond three years before filing, and it would be contrary to the purpose of the statute of limitations to allow Plaintiffs to sit on these claims indefinitely.  *See Travelers Indem. Co. v. Dammann & Co.*, 592 F. Supp. 2d 752, 769 (D.N.J. 2008), *aff'd*, 594 F.3d 238 (3d Cir. 2010) (identifying the "two primary purposes of the statute of limitations" as "prevent[ing] the litigation of stale claims and [] penaliz[ing] dilatoriness and serv[ing] as a measure of repose") (internal quotation omitted).

Simply put, Plaintiffs cannot have it both ways.  If they can adequately allege copyright infringement claims on the basis of this scant information, then this same information must start the statute of limitations running and bar their claims in this case.  The Complaint, which rests on books published in 2011 or earlier, should be dismissed in its entirety.

Finally, whatever the statute of limitations on their claims, Plaintiffs' damages must be limited to the three years preceding the filing of the Complaint.  Pursuant to the Supreme Court's decision in *Petrella*, "[u]nder the [Copyright] Act's three-year provision, an infringement is actionable within three years, *and only three years*, of its occurrence."  *Id.* at 1969 (emphasis added).  Therefore, in bringing suit for copyright infringement, a plaintiff may recover "retrospective relief running only three years back from the date the complaint was filed."  *Id.* Courts have followed *Petrella*, recognizing this limitation separately of whether the injury or discovery rule is enforced.  *See Wu v. John Wiley & Sons, Inc.*, Civ. No. 14-6746, 2015 WL 5254885, at *6 (S.D.N.Y. Sept. 10, 2015) (citing *Petrella* for the proposition that Plaintiff can Plaintiff can "recover 'retrospective relief running only three years back from the date the complaint was filed.'"); *see also* 1-12 NIMMER ON COPYRIGHT § 12.05(B)(2)(c) (2015)

(following Petrella, when a claim accrues and the available period of recovery "arise independently of each other").  At a minimum, Plaintiffs are barred from recovering damages prior to June 28, 2013, three years from the date of filing of the Complaint.  Scholastic should not be required to provide information – some dating back for more than 17 years – with respect to claims that are barred by the statute of limitations.

## **CONCLUSION**

For each of the foregoing reasons, Scholastic respectfully requests that the Court grant its motion to dismiss the Complaint in its entirety, with prejudice, or, in the alternative, transfer this action to the Southern District of New York.  However, should this action proceed in this District, discovery at the outset of the case should be limited to determining which, if any, of Plaintiffs' claims have been brought within the three-year statute of limitations for copyright claims.

Dated: Roseland, New Jersey
   September 14, 2016

       LOWENSTEIN SANDLER LLP
       By:  /s/ Robert J. Kipnees
         Robert J. Kipnees
         Jamie Gottlieb Furia
       65 Livingston Avenue
       Roseland, New Jersey 07068
       Phone:  (973) 597-2500
       Fax:  (973) 597-2400


       FRANKFURT KURNIT KLEIN & SELZ, P.C.
         Edward H. Rosenthal*
         Nicole Bergstrom*
       488 Madison Avenue, 10th Floor
       New York, New York 10022
       Phone:  (212) 980-0120
       Fax:  (212) 593-9175
       *Admitted *pro hac vice*

       *Attorneys for Defendant Scholastic Inc.*