Ben D. Manevitz
The Manevitz Law Firm
805 Clifton Ave
Clifton, NJ 07013
ben@manevitz.com
(973) 556-4164

Maurice Harmon (*Of Counsel*)
Harmon & Seidman LLC
11 Chestnut Street
New Hope, PA 18938
(215) 693-1953
Email:  maurice@harmonseidman.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL YAMASHITA and<br>MICHAEL YAMASHITA, INC., | ) | Civil No. 2:16-cv-03839-SRC-CLW |
| | ) | |
| Plaintiffs, | ) | Motion Day: October 17, 2016 |
| | ) | |
| v. | ) | |
| | ) | |
| SCHOLASTIC, INC. | ) | |
| | ) | |
| Defendant. | ) | |

---

### PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT OR, IN THE ALTERNATIVE, TO (1) TRANSFER VENUE OR (2) STAY DISCOVERY

---

## **TABLE OF CONTENTS**

I.   **INTRODUCTION**. ...................................................................1

II.  **BACKGROUND**. ...................................................................2

    A.   **The parties**............................................................................2

    B.   **Yamashita's Complaint**. ...................................................3

    C.   **Corbis did not provide the Scholastic invoices to Yamashita; thus he cannot plead license limits in those invoices without discovery**............................................................4

    D.   **Because Scholastic keeps its usage information secret, it *alone* knows what its uses of Yamashita's images were. Yamashita thus cannot be expected to plead those facts without discovery**.........................................5

    E.   **The forum selection clauses**...........................................6

III. **THE COURT SHOULD DENY SCHOLASTIC'S MOTION TO DISMISS THE COMPLAINT**. ...........................................7

    A.   **Plaintiffs have adequately pleaded their copyright infringement claims**......................................................7

        1.   Legal standard for motion to dismiss...........................7

        2.   Scholastic's motion fails because it misrepresents Yamashita's pleading, and because many courts have rejected pleading-stage challenges like Scholastic's. ...............12

    B.   **Scholastic's "audit" argument lack merit**.......................18

    C.   **Yamashita's copyright infringement claims are adequately pleaded; but if for any reason the Court concludes otherwise, it should grant leave to amend**......................22

i

**IV.  THE COURT SHOULD DENY SCHOLASTIC'S MOTION TO TRANSFER VENUE** ..................................................................22

    **A.  Scholastic has the burden of proof as copyright licensee and moving party on this motion.** ..........................................22

        1.  Scholastic has the burden of proving the existence of each Corbis license Scholastic claims to hold, and its compliance with the limits of each license alleged in the Complaint. ...............................................................22

        2.  Scholastic has the burden of proving the existence of forum selection clauses it relies upon, and wholly unlicensed uses manifestly do not fall within the scope of any contract. ..............................................................24

    **B.  Scholastic has not carried its burden of connecting the dots between the secret PPAs and Yamashita's copyright infringement claims in this case.** ...........................................26

        1.  As Scholastic concedes, the PPAs were not in effect for the entire pertinent time period. ...............................26

        2.  The PPAs are neither relevant nor "controlling," as Scholastic asserts ...................................................26

        3.  Scholastic has not carried its burden of showing that Yamashita's infringement claims are "regarding" the PPAs. ...........................................................27

    **C.  It would be fundamentally unfair to bind Yamashita to a forum selection clause in the PPAs.** ...................................33

    **D.  Applying the *Jumara* balancing test, Yamashita's case should stay in the District of New Jersey.** ........................33

        1.  Contrary to Scholastic's argument, the *Atlantic Marine* adjustments to the usual transfer analysis do not apply ...........33

2.      The pertinent private factors weigh against transfer.................34

3.      The public factors also weigh against transfer. ........................36

**V.    THE COURT SHOULD DENY SCHOLASTIC'S REQUEST FOR A STAY OF DISCOVERY**.................................................................36

**VI.   CONCLUSION**. ........................................................................40

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Alaska Stock, LLC v. Pearson Educ., Inc.*,
  2012 WL 7801875 (D. Alaska 2012) ...................................................................10

*Arista Records, LLC v. Doe 3*,
  604 F.3d 110  (2d Cir. 2010) ...............................................................................17

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S.Ct. 1937 (2009) ..................................................................10

*Atlantic Marine Construction Co., Inc. v. District Court*,
  134 S.Ct. 568 (2013)...........................................................................................34

*Bean v. Pearson Educ., Inc.*, 2011 WL 1882367 (D.Ariz. 2011), *vacated and
  remanded on other grounds*, 585 Fed.Appx. 461 (9th Cir. 2014) ......................25

*Boehm v. Scheels All Sports, Inc.*,
  2016 WL 1559183 (W.D. Wis. 2016) .................................................................40

*Bradshaw v. American Institute for History Education*,
  2013 WL 1007219 (D.N.J. 2013)..........................................................................9

*Carnival Cruise Lines, Inc. v. Shute*,
  499 U.S. 585 (1991) ...........................................................................................33

*Clifton v. Houghton Mifflin Harcourt Pub. Co.*,
  152 F.Supp.3d 1221 (N.D. Cal. 2015)..................................................................16

*Coastal Steel Corp. v. Tilghman Weelabrator Ltd.*,
  709 F.2d 190 (3d Cir. 1983) ...............................................................................29

*Cooley v. Penguin Group (USA) Inc.*,
  31 F.Supp.3d 599 (S.D.N.Y. 2014).....................................................................37

*Cottman Transmission Systems, Inc. v. Martino*,
  36 F.3d 291 (3d Cir. 1994) ...................................................................................28

*D'Elia v. Grand Carribean Co., Ltd.*,
  2010 WL 1372027 (D.N.J. 2010) ...........................................................................6

*Dun & Bradstreet Software Services, Inc. v. Grace Consulting, Inc.*,
  307 F.3d 197 (3d Cir. 2002) ....................................................................... 10, 12

*Eastcott v. McGraw-Hill Global Educ. Holdings, LLC*,
  2016 WL 3959076 (E.D. Pa. July 22, 2016) ..........................................................34

*Eastern Broadcasting America Corp. v. Universal Video, Inc.*,
  2006 WL 767871 (E.D.N.Y. 2006) ..........................................................................18

*Erickson v. Pardus*,
  551 U.S. 89 (2007) ...............................................................................................10

*Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*,
  499 U.S. 340 (1991) ..................................................................................... 10, 22

*Fernandes v. Deutsche Bank National Trust Co.*,
  157 F.Supp.3d 383 (D.N.J. 2015) ..........................................................................29

*FMG, Inc. v. Forest Elec. Corp.*,
  Civ. A. No. 91-1337, 1991 WL 237839 (E.D. Pa. 1991) .....................................24

*Frerck v. John Wiley & Sons, Inc.*,
  2014 WL 3512991 (N.D. Ill. 2014) .......................................................................38

*Frerck v. Pearson Education, Inc.*,
  2012 WL 1280771 (N.D. Ill. 2012) .......................................................................13

*Gee v. CBS, Inc.*,
  471 F.Supp. 600 (E.D. Pa), *aff'd*, 612 F.2d 572 (3d Cir. 1979) .......................8, 11

*Grace v. Corbis Sygma*,
  403 F.Supp.2d 337, 348 (S.D.N.Y. 2005),
  *vacated on other grounds*, 487 F.3d 113 (2d Cir. 2007) .....................................21

v

*Grant Heilman Photography, Inc. v. McGraw-Hill Companies*,
  115 F.Supp.3d 518 (E.D.Pa. 2015)......................................................................37

*Harper & Row Publishers, Inc. v. Nation Enterprises*,
  471 U.S. 539 (1985) .........................................................................................21

*In re Mushroom Transp. Co., Inc.*,
  247 B.R. 395 (E.D. Pa. 2000)..............................................................................6

*Jayson Co. v. Vertical Market Software*,
  2006 WL 1374039 (D.N.J. 2006)........................................................................29

*John Wiley & Sons, Inc. v. Golden*,
  2015 WL 716880 (D.N.J. 2015).......................................................................9, 11

*John Wyeth & Bro. Ltd. v. CIGNA Int'l. Corp.*,
  119 F.3d 1070 (3d Cir. 1997) .............................................................................28

*Jon Feingersh Photography, Inc. v. Houghton Mifflin Harcourt Pub. Co.*,
  2014 WL 716723 (E.D. Pa. 2014)........................................................................30

*Kay Berry, Inc. v. Taylor Gifts, Inc.*,
  421 F.3d 199 (3d Cir. 2005) ...............................................................................23

*Kedkad v. Microsoft Corp. Inc.*,
  2013 WL 4734022 (N.D. Cal. 2013)....................................................................24

*Keller v. Scholastic, Inc.*,
  E.D. Pa. Case No. 2:16-cv-01829 (WB) ...............................................................1

*Kumar v. Institute of Electrical and Electronics Engineers, Inc.*,
  Civ. Action No. 12-6870 (KSH)(CLW), 2013 WL 5467090 (D.N.J. 2013) .........9

*Lefkowitz v. John Wiley & Sons, Inc.*,
  2013 WL 4079923 (E.D. Pa. 2013)......................................................................30

*Lefkowitz v. John Wiley & Sons, Inc.*,
  2014 WL 2619815 (S.D.N.Y. 2014) ...................................................... 15, 18, 37

*Lefkowitz v. McGraw-Hill Cos.*,
   2013 WL 3061549 (E.D. Pa. 2013)............................................................ 15, 30

*Levey v. Brownstone Inv. Group, LLC*,
   Civ. No. 11-395, 2013 WL 3285057 (D.N.J. 2013),
   *aff'd*, 590 Fed. Appx. 132 (3d Cir. 2014) ...........................................................11

*Light v. Taylor*,
   2007 WL 274798 (S.D.N.Y. Jan. 29, 2007),
   *aff'd,* 317 F. App'x 82 (2d Cir. 2009). ...............................................................32

*Manetti-Farrow, Inc. v. Gucci Am., Inc.*,
   858 F.2d 509 (9th Cir. 1988) ..............................................................................29

*Morgan Laboratories, Inc. v. Micro Data Base Systems, Inc.*,
   1997 WL 258886 (N.D. Cal. 1997).....................................................................24

*Muhammad-Ali v. Final Call, Inc.*,
   __ F.3d __, 2016 WL 4248567 (7th Cir. Aug. 10, 2016)....................................22

*Palmer Kane LLC v. Scholastic Corp.*,
   2013 WL 798276 (S.D.N.Y. 2013) .....................................................................17

*Panoramic Stock Images, Ltd. v. McGraw-Hill*
   *Global Education Holdings, LLC*, 2015 WL 393381 (N.D. Ill. 2015) ...............40

*Pennsylvania Mach. Works, Inc. v. N. Coast Remanufacturing Corp.*,
   2004 WL 2600117 (E.D. Pa. 2004).....................................................................35

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
   134 S.Ct. 1962 (2014) .......................................................................... 37, 38, 39

*Phillip M. Adams & Associates, L.L.C. v. Dell, Inc.*,
   2008 WL 201136 (D. Utah 2008)........................................................................40

*Psihoyos v. John Wiley & Sons, Inc.*,
   2011 WL 4916299 * 5 (S.D.N.Y. 2011),
   *aff'd*, 141 F.3d 120 (2d Cir. 2014) ............................................................. 37, 39

*Quadratec, Inc. v. Turn 5, Inc.*,
2015 WL 4876314 (E.D. Pa. 2015) ................................................................ 17, 18

*Reinke Manufacturing Co, Inc. v. Barksdale, Inc.*,
Case No. 4:15CV3072, 2015 WL 8665331 (D. Neb. 2015) ................................25

*Respect Inc. v. Committee on the Status of Women*,
821 F.Supp. 531, 532 (N.D. Ill. 1993) ................................................................21

*Robert Kubicek Architects & Associates, Inc. v. Bosley*,
2009 WL 3188391 (D. Ariz. 2009) .....................................................................10

*Roby v. Corporation of Lloyd's*,
996 F.2d 1353 (2d Cir.1993) ...............................................................................33

*Rodriguez v. PepsiCo Long Term Disability Plan*,
716 F.Supp.2d 855 (N.D. Cal. 2010) ...................................................................33

*Samuels v. Medytox Solutions, Inc.*,
2014 WL 4441943 (D.N.J. 2014) .........................................................................34

*Santiago v. Warminster Twp.*,
629 F.3d 121 (3d Cir. 2010) ..................................................................................7

*Schneider v. Pearson Educ., Inc.*,
2013 WL 1386968 (S.D.N.Y. 2013) ....................................................................18

*Shutte v. Armco Steel Corp.*,
431 F.2d 22 (3d Cir. 1970) ...................................................................................24

*Sims v. Paramount Gold and Silver Corp.*,
2010 WL 564783 (D. Ariz. 2010) ........................................................................31

*Sohm v. McGraw-Hill Global Educ. Holdings, LLC*,
Civ. No. 216-01316 (C.D. Cal.) Doc. No. 44 (June 6, 2016)...............................31

*Sohm v. Scholastic, Inc.*,
Civ. No. 2:16-cv-03777 (C.D. Cal. 2016), Doc. 23 .............................................34

*Stampone v. Stahl*,
   Civ. No. 05-192, 2005 WL 1694073 (D.N.J. 2005)............................................11

*Stanislaus Food Prods. Co. v. USS-POSCO Indus.*,
   782 F.Supp.2d 1059 (E.D. Cal. 2011) ................................................................11

*Stewart Organization, Inc. v. Ricoh Corp.*,
   487 U.S. 22 (1988) ............................................................................................24

*Superior Precast, Inc. v. Safeco Ins. Co. of Am.*,
   71 F. Supp. 2d 438 (E.D. Pa. 1999)....................................................................35

*Swanson v. Citibank, N.A.*,
   614 F.3d 400 (7th Cir. 2010) ..............................................................................11

*Toner v. Miller*,
   2003 WL 22358446 (E.D. Pa. 2003)....................................................................29

*TRC & Associates v. NuScience Corp.*,
   2013 WL 6073004 (C.D. Cal. 2013) ....................................................................11

*Tuff Torq Corp. v. Hydro-Gear Ltd. Partnership*,
   882 F.Supp. 359 (D. Del. 1994) ..........................................................................35

*Van Dusen v. Barrack*,
   376 U.S. 612 (1964) ............................................................................................24

*Vieth v. Jubelirer*,
   541 U.S. 267 (2004) ............................................................................................23

*Visuals Unlimited, Inc. v. Pearson Education, Inc.*,
   2014 Copr.L.Dec. P 30,593, 2014 WL 1395043 (E.D. Pa. 2014) ........................8

*Warren v. John Wiley & Sons, Inc.*,
   952 F.Supp.2d 610 (S.D.N.Y. 2013) ....................................................................18

*Whelan Associates, Inc. v. Jaslow Dental Laboratory, Inc.*,
   609 F.Supp. 1325 (E.D. Pa. 1985)........................................................................21

*Wild v. Jungle Media Grp.,*
  2004 WL 834695 (E.D. Pa. Mar. 17, 2004) .........................................................28

*William A. Graham Co. v. Haughey,*
  568 F.3d 425 (3d Cir. 2009) ...............................................................................37

*Wu v. Pearson Educ., Inc.,*
  2010 WL 3791676 (S.D.N.Y. 2010 .....................................................................16

*Young-Wolff v. McGraw-Hill Cos.,*
  2014 WL 349711 (S.D.N.Y. 2014) ......................................................................18

*Young-Wolff v. McGraw-Hill School Education Holdings, LLC,*
  2015 Copr.L.Dec. P 30,745, 2015 WL 1399702 (S.D.N.Y. 2015).....................13

**Statutes**

17 U.S.C.§ 101 ........................................................................................................1

17 U.S.C. § 504(b) .................................................................................................21

28 U.S.C. § 1404(a) ..................................................................................... 24, 33, 34

**Rules**

Fed. R. Civ. Proc. 12(b)(6) ...................................................................................10

Fed. R. Civ. Proc. 8(a)(2)........................................................................................8

Fed. R. of Civil Proc. 8(a) ......................................................................................8

Fed. R. Civ. P. 8(c)(1)............................................................................................23

**Other Authorities**

6 Patry on Copyright § 19:2 (2016) ......................................................................11

x

## I.     INTRODUCTION.

In *Keller v. Scholastic, Inc.*, Judge Beetlestone recently denied an identical motion by Scholastic, Inc. to dismiss, transfer, or stay discovery.[1]  This Court should do the same, for the following reasons.

First, many courts, like *Keller,* have rejected arguments – just like Scholastic's – that plaintiffs did not adequately plead claims for copyright infringement.  Scholastic does not contend that Plaintiffs Michael Yamashita and Michael Yamashita, Inc. (collectively "Yamashita") have not adequately pleaded copyright ownership or registration; Scholastic only argues the Complaint does not allege with "specificity" how or when Scholastic infringed Yamashita's copyrights.  But the law does not require more specificity in the Complaint here, especially since the details Scholastic argues are missing are uniquely within its knowledge.

Second, the Court in its wide discretion should deny – as Judge Beetlestone did – Scholastic's motion to transfer this case to the Southern District of New York.  Plaintiffs have sued Scholastic for infringing copyrights in photographs, not for breach of contract.  Their action is based upon 17 U.S.C.§ 101 *et. seq.* rather than any agreement between a third party and Scholastic.  Since no breach of any contract has been alleged, the forum selection clauses of Scholastic secret *pricing*

---

[1] E.D. Pa. Case No. 2:16-CV-01829 (WB); *see* Declaration of Gregory N. Albright, Ex. A (Scholastic's Memorandum, Doc. 16-1), Ex. B (Order, Doc. 26).

agreements with Corbis Corporation are irrelevant.

Third, the Court should deny Scholastic's request for a stay of discovery. Scholastic's supposed statute of limitations defense *cannot* be adjudicated until Scholastic discloses how it actually used Yamashita's photographs.   Otherwise, how would Yamashita know which images were misused in what manner, and when Scholastic's unauthorized uses began and ended for each?  And when would Scholastic disclose to Yamashita the underlying facts he supposedly knew three years before filing suit for each claim Scholastic argues is barred by the statute of limitations?   Scholastic's suggestion that Yamashita knew or should have discovered the specific facts underlying each copyright infringement is meritless since Scholastic has refused to reveal its usage information.  Rather, it consistently claims this information is confidential and secret, and seeks protective orders to avoid publicly disclosing it.

## II.   BACKGROUND.

### A.   The parties.

Plaintiff Michael Yamashita is a professional photographer who makes his living creating and licensing photographs.  He lives and operates his business in Chester, New Jersey, in Morris County and this Vicinage.  He is the sole owner of Plaintiff Michael Yamashita, Inc., a New Jersey corporation.[2]

---

[2] Complaint ¶ 2; Declaration of Michael Yamashita (filed concurrently) ¶¶ 1-2.

Scholastic is the world's largest publisher and distributor of children's books; it sells its publications in this District.[3]

### B. Yamashita's Complaint.

The Complaint avers that Plaintiffs made agreements with Corbis Corporation ("Corbis") authorizing it to issue limited licenses for use of Plaintiffs' images.[4]  In response to Scholastic's requests, Corbis sold it limited licenses to use the photographs in educational books, as shown in Exhibit 1 to the Complaint.[5] These licenses were expressly limited by number of copies, distribution area, image size, language, duration, and/or media (print or electronic).[6]

The Complaint alleges that "after obtaining the licenses, Scholastic exceeded the licenses and infringed Yamashita's copyright in various ways, including:  (a) printing more copies of the Photographs than authorized; (b) distributing publications containing the Photographs outside the authorized distribution area; (c) publishing the Photographs in electronic, ancillary, or derivative publications without permission; (d) publishing the Photographs in international editions and foreign publications without permission; and/or (e) publishing the Photographs

---

[3] Albright Decl. Ex. C (Scholastic's 10K), pp. 1-2.
[4] Complaint ¶ 9.
[5] *Id.* ¶ 10, Ex. 1.
[6] *Id.* ¶ 11.

beyond the specified time limits."[7]  Yamashita also alleges that Scholastic used the Photographs without any license in as-yet-unidentified publications.[8]

Scholastic alone knows the full extent to which it has infringed Yamashita's copyrights, but it has not disclosed it[9] despite Yamashita's counsel written request:

> "If Scholastic advises us within 14 days that it will provide (actual disclosure to occur within 90 days or other mutually agreeable time) accurate information about Scholastic's uses and its overseas affiliates' uses of Yamashita's images, including but not limited to those images identified in the complaint, and further advise us which – if any – licenses Scholastic did not exceed, we will defer serving the complaint to allow the parties time to discuss settlement before incurring the expense and disruption of litigation.  And, if we don't settle, Yamashita will remove from the complaint, before it is served, those licenses Scholastic confirms it did not exceed. [¶] The information we are requesting is: print quantity, geographic distribution, language, and electronic uses of Yamashita's images by Scholastic and third parties to whom it supplied its images.  In addition, for those licenses that contain a time/duration limit, we request Scholastic disclose its last use, so we can determine compliance."[10]

Scholastic refused.[11]

### C.    Corbis did not provide the Scholastic invoices to Yamashita; thus he cannot plead license limits in those invoices without discovery.

Yamashita alleges that Corbis issued limited licenses to Scholastic in the form of "limited licenses" or invoices.[12]  Unless Scholastic concedes that it used

---

[7] *Id.* ¶ 13.
[8] *Id.* ¶ 14.
[9] *Id.* ¶ 15.
[10] Albright Decl., Ex. D.
[11] *Id.* ¶ 5.
[12] Complaint ¶¶ 10-11, 13.

Yamashita's images without any license, Scholastic must have copies of the Corbis licenses at issue.  Corbis, however, did *not* provide copies of those licenses to *Yamashita*.[13]  Although Yamashita received royalty statements from Corbis, those royalty statements did not disclose the limits of licenses issued to Scholastic.[14]

**D.    Because Scholastic keeps its usage information secret, it *alone* knows what its uses of Yamashita's images were. Yamashita thus cannot be expected to plead those facts without discovery.**

As discussed more fully below, Scholastic faults Yamashita for not alleging "with any specificity how or when his Photographs were infringed."[15]  But since this case concerns Scholastic's failure to comply with license limits in Corbis invoices,[16] and only Scholastic knows its usage, how could Yamashita plead the specifics of Scholastic's infringements? Scholastic hopes to commit the perfect crime: refuse to reveal what only it knows and demand the case be dismissed for Yamashita's failure to plead details.  In *Palmer/Kane LLC v. Scholastic Corp.*,[17] the plaintiff sued Scholastic for infringing copyright by using photographs beyond license limits.   *Palmer/Kane* entered a Protective Order requiring secrecy of information provided during discovery.[18]  Later, when the plaintiff filed a motion

---

[13] Yamashita Decl. (filed concurrently) ¶¶ 5-6.
[14] *Id.*
[15] Scholastic Memorandum of Law (Doc. 12-1), p. 3.
[16] Complaint ¶¶ 10-13.
[17] S.D.N.Y. Case No. 14-cv-7805-TPG.
[18] Albright Decl., Ex. E.

to compel discovery, it was required to seal the print run and sales information Scholastic had provided in discovery.[19]  Here, Yamashita is not required to plead facts known only to Scholastic which it discloses only when forced.

### E.    The forum selection clauses.

Yamashita alleges that Scholastic infringed copyright when it failed to comply with license limits stated in Corbis *invoices*.  Even though Scholastic surely has (or had) the Corbis invoices at issue, it has not submitted *any* of those invoices to the Court, and does *not* seek transfer based upon a forum selection clause in any of the Corbis invoices.

Scholastic instead relies *solely* upon forum selection clauses in four heavily redacted "Preferred *Pricing* Agreements" ("PPAs") between Scholastic and Corbis.[20]  But even though Scholastic has the burden of proof as moving party, the PPAs have not been authenticated by any witness with personal knowledge.[21]

---

[19] *Id.*, Ex. F (Declaration of Clyde A. Shuman), ¶¶ 3-4.

[20] Defense counsel speculates about agreements between Yamashita and Corbis, but they are not in evidence and Scholastic has no standing to assert reliance on them in any event.  *See D'Elia v. Grand Carribean Co., Ltd.*, 2010 WL 1372027 * 3-6 (D.N.J. 2010) (defendant had no standing to rely on forum selection clause in contract to which it was not a party); *In re Mushroom Transp. Co., Inc.*, 247 B.R. 395, 398, n. 4 (E.D. Pa. 2000) ("It stretches logic and reason to assert that non-party parties with absolutely no rights or obligations under a contract … should be allowed to enforce a clause against a party to the contract in later litigation.").

[21] Scholastic's defense counsel neither claims, nor states any factual basis for claiming, personal knowledge of the PPAs.  *See* Declaration of Edward H. Rosenthal (Doc. 12-2); Local Civ. R. 7.2(a) ("declarations … shall be restricted to

6

Therefore, at the most rudimentary level, Scholastic's motion must fail for lack of competent evidence to support the existence of a forum selection clause.  Moreover, the PPAs were not in effect when Corbis issued many of the invoices at issue; each PPA had a two-year term, and there were lengthy gaps between them.[22]

Moreover, the PPAs' limiting language excludes a dispute about failure to comply with license limits stated in *invoices*.  They provide in pertinent part:

> "Any dispute regarding *this Agreement* [*i.e.*, the Preferred Pricing Agreement] shall be governed by the laws of the State of New York, and by Titles 15, 17 and 35 of the U.S.C., as amended, and the parties agree to accept the exclusive jurisdiction of the state and federal courts located in New York, New York, regardless of conflicts of laws."[23]

## III.   THE COURT SHOULD DENY SCHOLASTIC'S MOTION TO DISMISS THE COMPLAINT.

### A.   Plaintiffs have adequately pleaded their copyright infringement claims.

#### 1.   Legal standard for motion to dismiss.

"Applying the principles of *Iqbal* and *Twombly*, the Third Circuit in

*Santiago v. Warminster Twp.*, 629 F.3d 121 (3d Cir. 2010), set forth a three-part

---

statements of fact within the personal knowledge of the signatory").

[22] *See* Rosenthal Decl., Ex. A (Doc. 12-3), pp. 2 and 4 of 7 (2-year term from August 1, 2001 (*see* "Effective Date" and "Term of Agreement"); Ex. B (Doc. 12-4), pp. 2 and 6 of 10 (2-year term from October 1, 2004); Ex. C (Doc. 12-5), pp. 2-3 of 13 (2-year term from September 24, 2008); and Ex. D (Doc. 12-6), pp. 2 and 7 of 12 (2-year term from July 1, 2011).

[23] *See* Rosenthal Decl., Ex. C (Doc. 12-5), p. 12 of 13 ¶ 21 (emphasis added).  The language of the earliest PPA was somewhat different, but it was also limited to disputes regarding "this Agreement."  *See* Ex. A (Doc. 12-3), p. 7 of 7 ¶ 12.

analysis that a district court in this Circuit must conduct in evaluating whether allegations in a complaint survive a 12(b)(6) motion to dismiss: First, the court must 'tak[e] note of the element a plaintiff must plead to state a claim.'  Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'  Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'"[24]

Scholastic argues that Yamashita's Complaint is not specific enough.  But Federal Rule of Civil Procedure 8(a) only requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[25] The purpose of a complaint is to give a defendant "fair notice" of the claims against it and the grounds for relief.[26]

Scholastic cites a 37-year-old decision, *Gee v. CBS, Inc.*, [27] for the proposition that Rule 8 requires a plaintiff to "particularize [his] claim so defendant would have sufficient notice to permit them to file a responsive pleading."  Scholastic argues that *Gee* requires Yamashita to allege: "(1) which

---

[24] *Visuals Unlimited, Inc. v. Pearson Education, Inc.*, 2014 Copr.L.Dec. P 30,593, 2014 WL 1395043 at *3 (E.D. Pa. 2014) (denying publisher's motion to dismiss plaintiff's claims for contributory copyright infringement, and fraud).
[25] Fed. R. Civ. Proc. 8(a)(2).
[26] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[27] 471 F.Supp. 600, 643 (E.D. Pa.), *aff'd*, 612 F.2d 572 (3d Cir. 1979).

specific original works are the subject of the copyright claim; (2) that the plaintiffs own the copyrights in those works; (3) that the works in question have been registered with the Copyright Office in accordance with the statute; and (4) by what acts and during what time the defendant has infringed the copyright."[28]

But more recent cases from this District, including *John Wiley & Sons, Inc. v. Golden*,[29] call *Gee* into doubt.  Quoting *Bradshaw v. American Institute for History Education*,[30] *Golden* stated: "The *Gee* pleading standard, however, 'has not been embraced by any Third Circuit panel (other than the one that affirmed without opinion that court's disposition.)'"[31]  "As a result, 'courts in [New Jersey] have routinely allowed copyright infringement claims to proceed upon a plaintiff's allegations of the two essential elements of ownership and copyright, without seeming to require more.'"[32]  *Golden* concluded that "so long as the two elements of copyright infringement have been pled, Defendants will have fair notice under Rule 8(a) of the claims against them."[33]

---

[28] Memorandum of Law (Doc. 12-1), pp. 4-5; *Gee*, 471 F.Supp. at 643.

[29] 2015 WL 716880 (D.N.J. 2015); *see also Kumar v. Institute of Electrical and Electronics Engineers, Inc.*, Civ. Action No. 12-6870 (KSH)(CLW), 2013 WL 5467090 *4, n. 2 (D.N.J. 2013) ("[i]n the absence of direction from the Third Circuit," "declin[ing] to engraft a *Gee* analysis").

[30] 2013 WL 1007219 (D.N.J. 2013).

[31] *Golden,* 2015 WL 716880 at *9, *Bradshaw*, 2013 WL 1007219 at *4, n. 4.

[32] *Golden*, 2015 WL 716880 * 9 (collecting cases).

[33] *Id.*  Many other courts have likewise rejected the notion that there is any heightened pleading standard in copyright cases.  *See Robert Kubicek Architects &*

*Golden* is consistent with Supreme Court and Third Circuit authority. The Supreme Court has identified only two elements that must be alleged: "(1) ownership of a valid copyright, and (2) copying of elements of the work that are original."[34] Moreover, the Supreme Court emphasized in *Twombly* that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim that is plausible on its face.[35] And in *Erickson v. Pardus*, decided shortly after *Twombly*, the Supreme Court underscored that "specific facts are not necessary" to survive a motion to dismiss.[36] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[37] A complaint attacked by a Rule 12(b)(6) motion "does not need detailed factual allegations"; instead, factual allegations are "enough" if they "raise a right to relief above the speculative level."[38] Hence, a plaintiff is not required to prove his entire case at the outset, by

---

*Associates, Inc. v. Bosley*, 2009 WL 3188391 * 1-2 (D. Ariz. 2009). "Courts within the Ninth Circuit have generally found that a plaintiff need only allege 'the basic elements of infringement' to plead a valid copyright infringement claim." *Alaska Stock, LLC v. Pearson Educ., Inc.*, 2012 WL 7801875 * 3 (D. Alaska 2012).

[34] *Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991); *Dun & Bradstreet Software Services, Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002) (same).

[35] *Twombly*, 550 U.S. at 570.

[36] 551 U.S. 89, 93 (2007).

[37] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[38] *Twombly*, 550 U.S. at 555.

alleging every fact a plaintiff intends to adduce in evidence at the time of trial.[39]

"Instead, the [Supreme] Court has called for more careful attention to be given to several key questions: what, exactly, does it take to give the opposing party 'fair notice'; *how much detail realistically can be given*, and should be given, about the nature and basis or grounds of the claim; and in what way is the pleader expected to signal the type of litigation that is being put before the court?"[40]  This is especially true where, as here, the defendant has complete control of all of the details regarding its own wrongdoing and is unwilling to divulge any of it.[41]

Scholastic misplaces its reliance on *Stampone v. Stahl*,[42] and *Levey v. Brownstone Inv. Group, LLC*.[43]  The "specificity" standard imposed in *Stampone* is against the weight of authority.[44]  And although the District Court in *Levey* recited the *Gee* standard, the Third Circuit did not, as Scholastic suggests, endorse it. Instead, the Third Circuit considered the two elements identified in *Golden*: a

---

[39] *See Stanislaus Food Prods. Co. v. USS-POSCO Indus.*, 782 F.Supp.2d 1059, 1074 (E.D. Cal. 2011) ("*Twombly* does not require that plaintiff[s] prove their case or include every factual detail in support of their claims in their complaints"); *TRC & Associates v. NuScience Corp.*, 2013 WL 6073004 *6 (C.D. Cal. 2013) (plaintiff was not "essentially require[d] … to prove its entire case in the Complaint").

[40] *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (emphasis added).

[41] *See* Section II.C and D, above.

[42] Civ. No. 05-192, 2005 WL 1694073 (D.N.J. 2005).

[43] Civ. No. 11-395, 2013 WL 3285057 (D.N.J. 2013), *aff'd*, 590 Fed.Appx. 132 (3d Cir. 2014).

[44] *See* 6 Patry on Copyright § 19:2 (2016) ("Although isolated copyright opinions appear to have used a heightened pleading standard, all other courts have rejected any special pleading burden.").

copyright infringement plaintiff "must establish: (1) ownership of a valid copyright; and (2) unauthorized copyright of original elements of the plaintiff's work."[45]

> **2.    Scholastic's motion fails because it misrepresents Yamashita's pleading, and because many courts have rejected pleading-stage challenges like Scholastic's.**

Scholastic does not argue that the Complaint is deficient in its failure to specify the original works that are the subject of the copyright claims, ownership or registration.   After all, Exhibit 1, which is part of the Complaint, provides a thumbnail of each of the images at issue, a description of the images, its "Image ID," and copyright registration numbers and dates.  Instead, Scholastic argues only that Yamashita has not alleged "by what acts and during what time" Scholastic infringed Yamashita's copyrights.[46]  The argument fails.

**First**, contrary to Scholastic's representations, Yamashita *has* alleged in detail "by what acts" Scholastic infringed Yamashita's copyright.   Yamashita alleges that Scholastic exceeded the scope of limited licenses that were issued to Scholastic for use of Yamashita's images in Scholastic's publications.[47]  For each of the images at issue, Exhibit 1 to the Complaint alleges the information that Yamashita has about the licenses that Corbis issued, *i.e.*, the invoice number,

---

[45] 590 Fed.Appx. at 135, *quoting Dun & Bradstreet*, 307 F.3d at 206.
[46] Memorandum of Law (12-1), p. 5.
[47] Complaint ¶¶ 7-13.

invoice date, and licensor.[48]  And Yamashita avers "upon information and belief" that "after obtaining the licenses, Scholastic exceeded the licenses and infringed Yamashita's copyright in various ways, including: (a) printing more copies of the Photographs than authorized; (b) distributing publications containing the Photographs outside the authorized distribution area; (c) publishing the Photographs in electronic, ancillary, or derivative publications without permission; (d) publishing the Photographs in international editions and foreign publications without permission; and/or (e) publishing the Photographs beyond the specified time limits."[49]

In *Young-Wolff v. McGraw-Hill School Education Holdings, LLC*,[50] Judge Wood rejected the defendants' motion to dismiss, finding allegations just like these "adequately describe 'by what acts' Defendants infringed Plaintiff's copyrights."[51] And Judge Wood found that "[t]o the extent that Defendants demand more specificity – including which individual license terms were violated for each particular photograph – they misconstrue the applicable pleading standard."[52]

*Frerck v. Pearson Education, Inc.* reached the same conclusion:[53]

---

[48] Complaint, Ex. 1.
[49] *Id.* ¶ 13.
[50] 2015 Copr.L.Dec. P 30,745, 2015 WL 1399702 (S.D.N.Y. 2015).
[51] *Id.* at *3.
[52] *Id.*
[53] 2012 WL 1280771 (N.D. Ill. 2012).

13

"Pearson … argues that, in order to state a claim for copyright infringement, Frerck must plead specific details as to each infringing act. Pearson is mistaken. This requirement would impose a higher burden on copyright claims than is required under the federal rules. Notice pleading, not fact pleading, is all that is required to survive a motion to dismiss under Rule 12(b)(6)…. Frerck's complaint sufficiently puts Pearson on notice of the nature of his claims and states a plausible basis for relief. It also provides a clear path toward resolving the claims – however burdensome discovery may be, Frerck's complaint clearly identifies the issues and alerts Pearson and the Court to the information that must be obtained to resolve his claims. The complaint satisfies Fed. R. Civ. P. 8(a)(2)."[54]

**Second**, contrary to Scholastic's argument, Yamashita has also alleged the "timeframe" of Scholastic's infringements. Yamashita alleges on information and belief that "after obtaining the licenses,"[55] Scholastic infringed copyright in one or more of the ways listed above. *Young-Wolff* found this is adequate:

"By pleading that Defendants' infringement took place either shortly before or shortly after particular dates related to each photograph's license, the FAC provides fair notice of the approximate timing of Defendants' alleged wrongdoing…. The FAC's language, although somewhat imprecise, provides fair notice of the approximate time period of Defendants' alleged infringement. That is all that rule 8 requires."[56]

Scholastic argues that the Complaint is nevertheless insufficient because it does not identify the publications in which the Photographs were used, or *exactly* when they were published. But additional detail Scholastic apparently contends should be in the Complaint is uniquely in Scholastic's possession. Scholastic

---

[54] *Id.* at * 3.
[55] Complaint ¶ 12.
[56] *Young-Wolff*, 2015 WL 1399702 *4.

knows whether it used the images identified in Exhibit 1 to the Complaint in one or more of its own publications at or around the time of the invoices specifically identified in the Complaint. And, as explained in the concurrently-filed Declaration of Michael Yamashita, the royalty statements that he received from Corbis did not ordinarily identify specific publications. Yamashita believes the Corbis invoices identify the publications in which Scholastic was granted a license to use the images, but those invoices were provided to *Scholastic*, not Yamashita.[57]

Notably, courts have rejected motions like Scholastic's concerning copyright infringement claims arising from a publisher's failure to comply with the terms of *Corbis-issued limited licenses* where, as here, the plaintiff has alleged facts known to the plaintiff at the time the Complaint is filed. In the Southern District of New York, for example, Judge Failla rejected identical arguments in two cases – *Lefkowitz v. John Wiley & Sons, Inc.*[58] and *Lefkowitz v. McGraw-Hill Global Education Holdings, LLC.*[59] Judge Failla dismissed arguments that the plaintiff did not adequately identify the time period of infringement, and also found that the plaintiff "need not include allegations" identify specific "publications" and "information regarding the license limits" "in order to plead his claim for copyright

---

[57] Yamashita Decl. ¶¶ 4-6.
[58] 2014 WL 2619815 at *23 (S.D.N.Y. 2014).
[59] 23 F.Supp.3d 344 (S.D.N.Y. 2014).

infringement adequately."[60]

Courts have also found that where, as here, additional factual detail is uniquely in the defendant's possession, a plaintiff is not required to plead those details. Instead it may properly plead claims upon information and belief. In this regard, surely a billion-dollar company like Scholastic[61] is able to find copies of licenses – critical to authorization for use of third party copyrighted materials in its textbooks – that it obtained from Corbis. And, setting aside Scholastic's current litigation strategy of pretending it would be unduly burdensome to find the Corbis invoices, it is in Scholastic's interest to prove that it had at least limited licenses, otherwise it is an infringer from the very first copies of its books containing Yamashita's images. Hence, it is most plausible that Scholastic is in the position to fill in any missing details now argues are missing from the Complaint.

In yet another similar textbook infringement case, *Clifton v. Houghton Mifflin Harcourt Pub. Co.*[62] the court held that a photographer's allegations upon information and belief were sufficient:

---

[60] *Lefkowitz v. McGraw-Hill*, 23 F.Supp.3d at 354, *citing Wu v. Pearson Educ., Inc.*, 2010 WL 3791676 * 6 (S.D.N.Y. 2010(holding that plaintiff's complaint alleged a claim for copyright infringement where plaintiff alleged that defendant had exceeded the allowed print run on the licenses governing the works at issue without first seeking prior authorization or paying the additional licensing fee).

[61] Albright Decl., Ex. C, p. 1 (Scholastic's Form 10K reported over $1.67 billion in revenue for the fiscal year ended May 31, 2016).

[62] 152 F.Supp.3d 1221 (N.D. Cal. 2015).

"The Second Circuit has [held] (in a copyright case) that the *Twombly* and *Iqbal* plausibility standard allows factual allegations made 'upon information and belief' where (1) 'the facts are peculiarly within the possession and control of the defendant,' or (2) 'where the belief is based on factual information that makes the inference of culpability plausible.' *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010). Several lower courts, including at least one in this district, have followed this approach. [Citations.] A leading treatise endorses it. *See* Wright & Miller, 5 Fed. Prac. & Proc. Civ. § 1224 (3d ed. 2015). The court applies the approach here."[63]

*Clifton* found that the plaintiff had "alleged what he can, based on the information he has. The additional facts needed to substantiate his 'information and belief' allegations are 'peculiarly with in the possession and control' of [the defendant]. The court concludes that Mr. Clifton alleged a plausible claim for relief."[64] This Court should reach the same conclusion.

Scholastic's cases do not assist it. In *Quadratec, Inc. v. Turn 5, Inc.*,[65] which Scholastic tries unsuccessfully to dismiss in a footnote,[66] Judge Surrick rejected arguments much like Scholastic's. Notably, *Quadratec* distinguished *Palmer Kane LLC v. Scholastic Corp.*,[67] which Scholastic also relies upon: "[i]n *Palmer Kane*, the plaintiff provided a list of copyrighted works at issue; however, the complaint indicated that the 'list is not exhaustive.'"[68] "*Palmer Kane* is easily

---

[63] *Id.* at 1224.
[64] *Id.* at 1225.
[65] 2015 WL 4876314 (E.D. Pa. 2015).
[66] Memorandum of Law (Doc. 12-1), p. 6, n. 4.
[67] 2013 WL 709276 (S.D.N.Y. 2013).
[68] *Quadratec*, 2015 WL 4876314 at *5.

distinguished," in a case like this one, in which the plaintiff has "alleged the copyrighted works at issue," and thus "has provided Defendant with fair notice of the claims it asserts."[69]  *Quadratec* also rejected an argument, like Scholastic's, that a complaint is insufficient if it does "not provide the exact date of infringement for each of the images."[70]  "[I]t is not fatal to [Plaintiff's] copyright claim that the Complaint fails to specify how each particular photograph has been infringed."[71]

### B.  Scholastic's "audit" argument lack merit.

Contrary to Scholastic's arguments, Yamashita has not requested any "audit" in his Complaint or otherwise.  Scholastic is just making this up.

Moreover, the case that Scholastic principally relies upon – *Young-Wolff v. McGraw-Hill Cos.*[72] – is distinguishable.  In *Young-Wolff*, "Count II of Plaintiff's

---

[69] *Id.* (holding that "[t]he Complaint sufficiently states a plausible claim for copyright infringement"), *citing Lefkowitz v. Wiley*, 2014 WL 2619815 *23, and *Schneider v. Pearson Educ., Inc.*, 2013 WL 1386968 (S.D.N.Y. 2013) (declining to dismiss copyright infringement claim where plaintiff provided a list of the photographs subject to infringement, but indicated that the infringement was not limited to these claims, and holding that the plaintiff's claim was limited to the works identified in the list).

[70] *Id.*

[71] *Id., quoting Warren v. John Wiley & Sons, Inc.*, 952 F.Supp.2d 610, 618 (S.D.N.Y. 2013), and *citing Lefkowitz v. Wiley*, 2014 WL 2619815 at *23, and *Eastern Broadcasting America Corp. v. Universal Video, Inc.*, 2006 WL 767871 (E.D.N.Y. 2006) (plaintiff stated a copyright infringement claim where the complaint alleged that the infringement took place on or before a particular date).

[72] 2014 WL 349711 (S.D.N.Y. 2014).

Complaint request[ed] a declaratory judgment requiring Defendant to disclose to Plaintiff the full scope of Defendant's use of Plaintiff's photographs."[73]  There is no such Count in Yamashita's Complaint, and thus Scholastic's argument about "audit" rights is a red herring.   And while *Young-Wolff* concluded that the Copyright Act does not give "a copyright owner … an inherent right to sue a licensee for an audit"[74] – in other words, there is no explicit statutory right to an "audit" independent of an infringement action – it did *not* conclude that a licensor cannot conduct *discovery* in support of adequately-pleaded copyright infringement claims, or can never have a *contractual* right to an audit.  To the contrary, *Young-Wolff* dismissed the plaintiff's "declaratory judgment claim premised on a contractual right to an audit for lack of subject matter jurisdiction," and notably dismissed that claim "without prejudice," thus leaving open the possibility that the plaintiff could adequately plead such a contract-based audit right.[75]

In this regard, Scholastic apparently wants to have it both ways.  Specifically, as discussed in the next Section, Scholastic contends that Yamashita should be bound by the burdens of a forum selection clause in the PPAs.  But the PPAs incorporate a provision that Scholastic "may, as set forth in the applicable invoice," have an obligation "to submit to an accounting or other records verifying

---

[73] *Id.* at * 6.
[74] *Id.* at * 7.
[75] *Id.*

[Scholastic's] use of the Content."[76]   And, in other litigation concerning Scholastic's infringement of copyright in photographs, *Scholastic v. Daemmrich*,[77] Scholastic asserted that "[b]ecause Corbis acted as Daemmrich's agent in granting Scholastic permission to use the Daemmrich images at issue, the agreements bind Daemmrich as the principal and *third-party beneficiary*."[78]   If, according to Scholastic, Yamashita must accept the *burden* of a forum selection clause in the PPAs, for purposes of transfer, then Scholastic must also concede that Yamashita is an intended third-party beneficiary of the audit provisions in the PPAs.   This would, of course, defeat Scholastic's argument that Yamashita has no contractual right to an audit.

What Scholastic appears to *actually* seek through its "audit" arguments is an improper, pre-emptive ruling that Yamashita will not be entitled to *discovery* of Scholastic's uses of the images – even though Yamashita has adequately pleaded his copyright infringement claims – because that *discovery* would somehow amount to an "audit."   But Yamashita's right to discovery in this infringement action does *not* depend upon a right to sue for an "audit" under the Copyright Act.

Moreover, the right to an *accounting* is implicit the Copyright Act's

---

[76] *See* Rosenthal Decl., Ex. C, p. 12 of 13, ¶ 12; Ex. D, p. 10 of 12, ¶ 12.
[77] S.D.N.Y. Case No. 1:15-cv-09550-VSB.
[78] *Scholastic v. Daemmrich*, Doc. 32, p. 26 of 29 (emphasis added).

provision for a recovery of profits attributable to infringement.[79] Yamashita also

contends that Scholastic has retained possession of Yamashita's high-resolution

images, and used them without any license in publications that Yamashita cannot

identify without discovery.[80] Scholastic is therefore a bailee, with a "duty to

account" for its uses of Yamashita's images under the law of bailment.[81]

Indeed, in *Palmer/Kane LLC v. Scholastic Corp.*[82] – in which photographers

sued Scholastic for exceeding license limits – Scholastic *admitted* that a copyright

infringement "[p]laintiff *is entitled to discovery*" regarding "the claims and

defenses identified in the pleadings."[83] Scholastic provided discovery about its

uses of images in *Palmer/Kane* – without undue burden – by providing charts that

reflected "print run and sales information" and "gross revenues" relating to

---

[79] *See Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 566 (1985) ("The trial court properly awarded actual damages and accounting of profits."); *Respect Inc. v. Committee on the Status of Women*, 821 F.Supp. 531, 532 (N.D. Ill. 1993) ("[T]he necessary corollary" of 17 U.S.C. § 504(b) "is that the owner is entitled to an accounting of the infringer's profits." "This Court therefore orders Committee to provide such an accounting forthwith."); *Whelan Associates, Inc. v. Jaslow Dental Laboratory, Inc.*, 609 F.Supp. 1325, 1327 (E.D. Pa. 1985) (ordering an "accounting" of defendant's sale of licenses for infringing computer software programs after the last day of trial).

[80] Complaint (Doc. 1) ¶ 14.

[81] *See Grace v. Corbis Sygma*, 403 F.Supp.2d 337, 348 (S.D.N.Y. 2005) (photography agency that "took lawful possession of Grace's images … had a duty to account for them") (Chin, J.), *vacated on other grounds*, 487 F.3d 113 (2d Cir. 2007).

[82] S.D.N.Y. Case No. 14 Civ. No. 7805 (TPG) (GWG).

[83] *Palmer/Kane*, Doc. 48 (Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Compel), p. 3 (emphasis added) (Albright Decl. Ex. G).

identified publications.[84]

### C. Yamashita's copyright infringement claims are adequately pleaded; but if for any reason the Court concludes otherwise, it should grant leave to amend.

Yamashita's copyright infringement claims are adequately pleaded, as discussed above.  If the Court concludes otherwise, it should grant leave to amend.

## IV. THE COURT SHOULD DENY SCHOLASTIC'S MOTION TO TRANSFER VENUE.

### A. Scholastic has the burden of proof as copyright licensee and moving party on this motion.

#### 1. Scholastic has the burden of proving the existence of each Corbis license Scholastic claims to hold, and its compliance with the limits of each license alleged in the Complaint.

As the Seventh Circuit recently explained, to establish copyright infringement a plaintiff is "required to prove two elements: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'"[85]  "[A] plaintiff is *not* required to prove that the defendant's copyright

---

[84] *Palmer/Kane*, Doc. 49 (Declaration of Donna Laing), ¶ 2 (Albright Decl. Ex. H). Scholastic has this usage information readily available in "a database called the Royalty Data Bucket … which aggregates sales from the many different sales systems across Scholastic." *Id.* ¶ 4.  Scholastic also has "a database called EPIC," which Scholastic use to identify all ISBNs associated with the titles at issue." *Id.* ¶ 6.  These Scholastic databases permit it to generate reports about "the original publication date, the last print date, and the status of the book in Scholastic's EPIC database, which shows whether the book is available for sale." *Id.* ¶ 9.

[85] *Muhammad-Ali v. Final Call, Inc.*, __ F.3d __, 2016 WL 4248567 *3 (7th Cir. Aug. 10, 2016), *quoting Feist*, 499 U.S. at 361.

was unauthorized in order to state a *prima facie* case of copyright infringement."[86]

"Rather, the burden of proving that the copying was *authorized* lies with the defendant."[87]   "The burden is therefore on the alleged infringer to show that the use was authorized – not on the plaintiff to show it was not."[88]   "This rule makes sense: 'proving a negative is a challenge in any context,' and if there is evidence of a license, it is most likely to be in the possession of the purported licensee."[89]   Even if the complaint alleges that copyright was not authorized, the defendant still has the burden to prove authorization.[90]   When a plaintiff proves its *prima facie* case, the defendant must prove "the affirmative defense of authorization."[91]

Here, at trial Scholastic will have the burden of proving the existence of a license, and Scholastic's compliance with its limits, with respect to each and every one of Yamashita's copyright infringement claims.   For purposes of the present motion, it is telling that Scholastic has chosen to withhold the invoices that are at the heart of the case, and is instead purporting to rely upon *pricing* agreements that are not mentioned in the Complaint, and are irrelevant.

---

[86] *Final Call*, 2016 WL 4248457 *3 (original emphasis) (collecting cases); *but see Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 203 (3d Cir. 2005) (including word "authorized" in standard, although irrelevant to case).

[87] *Final Call*, 2016 WL at * 3 (original emphasis); *see also* Fed. R. Civ. P. 8(c)(1) item 12 (license is an affirmative defense).

[88] *Id.*

[89] *Id.*, *quoting Vieth v. Jubelirer*, 541 U.S. 267, 311 (2004).

[90] *Id.* at *4.

[91] *Id.*

> **2. Scholastic has the burden of proving the existence of forum selection clauses it relies upon, and wholly unlicensed uses manifestly do not fall within the scope of any contract.**

"The application of § 1404(a) requires a highly case-specific analysis."[92]

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'  *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)."[93]

"Thus, a motion to transfer will only be granted where *the movant demonstrates* that considerations of convenience and fairness outweigh plaintiff's choice of forum."[94]  In *Jumara v. State Farm Ins. Co.*, the Third Circuit identified the private and public interest factors (discussed in Section IV.D, below), that the *moving party* has the burden of showing weigh in favor of transfer.[95]

But before a court can determine whether a forum clause should be enforced, "it must, as a threshold issue, determine whether a forum selection clause exists."[96] And an enforceable forum selection clause might exist only as part of a *contract* that actually exists.  Hence, in another photographer's copyright infringement case,

---

[92] *FMG, Inc. v. Forest Elec. Corp.*, Civ. A. No. 91-1337, 1991 WL 237839 *2 (E.D. Pa. 1991).

[93] *Id., quoting Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

[94] *Id.*, *citing Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).

[95] 55 F.3d 873, 879 (3d Cir. 1995).

[96] *Kedkad v. Microsoft Corp. Inc.*, 2013 WL 4734022 *3 (N.D. Cal. 2013); *Morgan Laboratories, Inc. v. Micro Data Base Systems, Inc.*, 1997 WL 258886 *3 (N.D. Cal. 1997) ("the moving party … bears the burden of demonstrating the existence of a forum selection clause").

the District Court denied the defendant publisher's motion challenging venue because there were "unresolved factual issues, including which photographs were subject to the venue provisions in the Corbis agreement."[97]   And in *Reinke Manufacturing Co, Inc. v. Barksdale, Inc.*,[98] the defendant's transfer motion was denied where the parties had "conflicting positions on the contract formation, and the controlling terms and conditions."[99]   *Reinke* concluded that this dispute had to be resolved "before determining whether the forum-selection clause" required transfer.[100]

Here, Scholastic has not submitted *any* Corbis licenses.  It relies solely on the PPAs, but has not properly authenticated them.[101]   Its evidence therefore fails.

Moreover, Yamashita alleges upon information and belief that "after obtaining access to the Photographs, Scholastic used the Photographs without any license or permission in … publications that have not yet been identified," and "[b]ecause Scholastic alone knows of these wholly unauthorized uses, Yamashita cannot further identify them without discovery."[102]   As a matter of logic, every use that Scholastic made of a Yamashita image without getting *any* license is not

---

[97] *Bean v. Pearson Educ., Inc.,* 2011 WL 1882367 *9 (D. Ariz. 2011), *vacated and remanded on other grounds*, 585 Fed.Appx. 461 (9th Cir. 2014).

[98] Case No. 4:15CV3072, 2015 WL 8665331 (D. Neb. 2015).

[99] *Id.* at *3.

[100] *Id.*

[101] *See* footnote 21, above.

[102] Complaint, ¶ 14.

subject to *any agreement* that might include a forum selection clause.  Every use Scholastic made of Yamashita's images without bothering to get *any* license or make *any* payment is completely outside the scope of any pricing agreement, and is not subject to any invoice.  *How many* wholly unlicensed uses Scholastic made cannot be determined at this juncture, prior to discovery.  But since unlicensed uses are pleaded, the Court should not presume that uses within the scope of any agreement predominate.

### B. Scholastic has not carried its burden of connecting the dots between the secret PPAs and Yamashita's copyright infringement claims in this case.

#### 1. As Scholastic concedes, the PPAs were not in effect for the entire pertinent time period.

As explained above, and as Scholastic concedes,[103] the PPAs were not in effect when all of the Corbis invoices were issued.

#### 2. The PPAs are neither relevant nor "controlling," as Scholastic asserts.

Contrary to what Scholastic suggests, the PPAs did not, in and of themselves, grant Scholastic any right to use any particular Yamashita image in any particular book.  Despite the PPAs, a publisher like Scholastic was obligated to obtain and comply with the license limits in the Corbis *invoices*, which set forth the limits on

---

[103] *See* Scholastic's Memorandum (Doc. 12-1) ("The PVAs … cover at least 84 of the 119 uses at issue").

Scholastic's uses.[104]  This is confirmed by the language of the PPAs – Scholastic had no right to use images without obtaining and paying for a license.[105]

To the extent any contracts bear on the infringement claims here, it is the Corbis invoices/licenses – not the PPAs – that set the scope of Scholastic's use. Indeed, the Complaint does not even *mention* the PPAs, much less allege that Scholastic infringed copyright because it failed to comply with any provision of the PPAs.  The license limits in the **invoices**, not any provision of the PPAs, are the basis for the copyright infringement claims in this lawsuit.

But apparently as a matter of litigation strategy in support of its Rule 12(b)(6) motion, Scholastic prefers to withhold the invoices in its possession, so it can accuse Yamashita of not alleging in his Complaint the additional details that those invoices would disclose.  None of the invoices is in the record.

### 3. Scholastic has not carried its burden of showing that Yamashita's infringement claims are "regarding" the PPAs.

"[W]hether or not a forum selection clause applies depends on what the

---

[104] *See* Albright Decl., Ex. I (Declaration of Daniel Feduff), ¶ 7.

[105] *See* Rosenthal Decl., Ex. A, p. 6 of 7, ¶ 4 ("Corbis grants Client the limited rights set forth in the written "Invoice and License Agreement" if "full payment is received"); Ex. B, p. 9 of 10 (under "License granted by Corbis," "your reproduction of Images it limited to … the specific use described in your Invoice"); Ex. C, p. 11 of 13, ¶ 3(b), and Ex. D, p. 9 of 12 ¶ 3(b) (granting "limited, non-exclusive right to use the Rights Managed Content … solely as specified in the Invoice, and expressly as limited in the Specific content Web pages and the terms and conditions therein").

specific clause at issue says."[106]  The forum selection clause in the PPAs expressly applies to "any dispute *regarding this Agreement*."[107]  But this lawsuit is not "regarding" the PPAs, as discussed above.  Yamashita has not sued Scholastic for paying the wrong price, or otherwise failing to comply with the PPAs.  The Complaint concerns Scholastic's failure to comply with limits stated in Corbis *invoices,* and uses of Yamashita's images without any payment or license at all.[108]

Scholastic's motion fails because it has chosen to rely upon irrelevant agreements, apparently for strategic reasons.  In *Cottman Transmission Systems, Inc. v. Martino*,[109] the defendant moved to dismiss on venue grounds.  The Third Circuit concluded that it was error to rely upon a venue provision in "the Cottman franchise agreement" because the suit did "not arise" under that agreement."[110]

Cases following *Cottman* have refused to apply a forum selection clause in one contract to a dispute that in fact arises out of another contract.  In *Jayson Co. v.*

---

[106] *John Wyeth & Bro. Ltd. v. CIGNA Int'l. Corp.*, 119 F.3d 1070, 1075 (3d Cir. 1997); *see also Wild v. Jungle Media Grp.,* 2004 WL 834695, at *7 (E.D. Pa. Mar. 17, 2004) ("the forum selection clause applies to this dispute only if plaintiff's claims 'arise under' the agreements.").

[107] Rosenthal Decl., Ex. C, p. 12 of 13 ¶ 21; Ex. D, p. 10 of 12, ¶ 21.

[108] In a footnote (Doc. 12-1, p. 10, n. 6), Scholastic suggests that the Corbis invoices were incorporated by reference in the PPAs.  The argument fails because, as explained in the text above, Scholastic has not proven that the Corbis invoices exist now, or existed at the time of the PPAs.  And the fact remains that the claims in this case are based upon the invoices, not the PPAs, and Scholastic has not proven that there is any applicable forum selection clause in the invoices.

[109] 36 F.3d 291 (3d Cir. 1994).

[110] *Id.* at 293.

*Vertical Market Software*,[111] the District Court rejected an argument that a forum selection clause in a "License Agreement" governed, finding that "[t]he License Agreement is not the subject of this dispute."[112] *Jayson* explained that "[t]he critical question is whether the claims fall within the scope of the forum selection clause as written" in the agreement upon which the moving party relies.  "To answer this question, the Third Circuit has adopted a test which looks to whether the asserted claim 'ultimately depends on the existence of [the contract]."[113] *Jayson* found that one helpful test is "whether resolution of the claims relates to interpretation of the contract."[114]  Here, Scholastic has not shown that resolving the infringement claims here will depend on the existence of the PPAs, or require interpretation of any provision therein.

Toner v. Miller likewise denied a motion based on a forum selection clause in a confidentiality agreement, "because the present lawsuit arises from the management agreement, not the confidentiality agreement."[115]

Citing *Jayson* and *Toner, Fernandes v. Deutsche Bank National Trust Co.* found that "courts routinely decline to apply forum selection clauses, where the

---

[111] 2006 WL 1374039 (D.N.J. 2006).
[112] *Id.* at *4.
[113] *Id., quoting Coastal Steel Corp. v. Tilghman Weelabrator Ltd.*, 709 F.2d 190, 203 (3d Cir. 1983).
[114] *Id., quoting Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 (9th Cir. 1988).
[115] 2003 WL 22358446 *1 (E.D. Pa. 2003).

subject of the dispute did not arise from the contract containing the clause."[116]  The

defendant in *Fernandes* argued the plaintiff's agent accepted a forum selection

clause in "Terms and Conditions" regarding use of the defendant's website.  But

*Fernandes* found that resolution of the claims required inquiry into defendant's

conduct "without any connection to Plaintiff's 'use' of the [defendant's]

website."[117]  Similarly, Scholastic has not shown that resolving Yamashita's

copyright infringement claims is "connected to" any provision about pricing in the

PPAs.  And, as in *Fernandes*, whether Corbis accepted the forum clauses in the

PPAs as Yamashita's agent matters not since this suit does not concern the PPAs.

Scholastic's argument that Yamashita's claims are "regarding" the PPAs

also fails because there are no *contract* claims in this case.  In *Wild v. Jungle

Media Group*, the court considered whether a forum selection clause applied to tort

as opposed to contract claims.[118]  Judge Yohn declined to find the forum selection

clause in that case required the non-contractual claims be brought in the specified

forum.[119]   *Lefkowitz v. McGraw-Hill Cos.*,[120] *Lefkowitz v. John Wiley & Sons,

Inc.*,[121] *Jon Feingersh Photography, Inc. v. Houghton Mifflin Harcourt Pub.*

---

[116] 157 F.Supp.3d 383, 389 (D.N.J. 2015).
[117] *Id.* at 390.
[118] 2004 WL 834695, at *1.
[119] *Id*.
[120] 2013 WL 3061549, at *4 (E.D. Pa. June 19, 2013).
[121] 2013 WL 4079923, at *2 (E.D. Pa. Aug. 13, 2013).

*Co.*,[122] and *Sohm v. McGraw-Hill Global Educ. Holdings, LLC*,[123] cited by Scholastic, are distinguishable: each of them involved breach of contract claims.

Moreover, the Third Circuit has explained that a forum selection clause in a contract can relate to tort claims *when* both "arise out of the contractual relation *and implicate the contract's terms.*"[124] But a court need not accept a defendant's self-serving *conclusion* or speculation that non-contract claims will somehow meaningfully implicate, or require interpretation of, a contract containing a forum clause. *Sims v. Paramount Gold and Silver Corp.* explained:

> "While a *legitimate* dispute concerning the necessity of interpreting [an] Agreement with respect to Plaintiff's non-Agreement based claims would certainly dictate exercise of the forum selection clause, the effect of enforcing a forum selection clause is 'dramatic,' and a party may not compel such a dramatic result based on mere speculation. In other words, a defendant should not be able to defeat a plaintiff's otherwise legitimate choice of venue merely by alleging without specificity that the plaintiff's non-contractual claims require interpretation of the contract."[125]

If this were a lawsuit between Scholastic and Corbis; if Corbis were alleging Scholastic had violated some term of the PPAs; and if their dispute turned on how some provision(s) of the PPAs should be interpreted, then *that* dispute would be "regarding th[e] Agreement," and it would fall within the scope of the PPAs'

---

[122] 2014 WL 716723, at *3-4 (E.D. Pa. Feb. 25, 2014).
[123] Civ. No. 2:16-01316 (C.D. Cal.) Doc. No. 44 (June 6, 2016).
[124] *Crescent Int'l, Inc. v. Avatar Communities, Inc.*, 857 F.2d 943, 944 (3d Cir. 1988) (emphasis added).
[125] 2010 WL 5364783 * 7 (D. Ariz. 2010 (emphasis added).

forum selection clause.   But Yamashita has not asserted any contract claim against anyone, much less for violating any pricing term in the PPAs.

Essentially, Scholastic argues that since the secret PPAs were in effect when *some* invoices (not in evidence) were issued, *all* of Yamashita's copyright infringement claims somehow require interpretation of some unidentified terms of the PPAs.  The argument fails because Scholastic has not shown that Yamashita's infringement claims rise or fall on how *any* provision in the PPAs is interpreted.

The SDNY and the Second Circuit have also carefully examined the forum selection clauses in Corbis agreements and construed them narrowly.[126]  In *Light v. Taylor*, the SDNY held that "such language is narrow in focus and does not encompass independent copyright claims."[127]  *Light* found:

> "Light's claims in this action do not arise out of the Corbis User Agreement.  The Corbis User Agreement is merely a site usage agreement, and the Complaint does not allege that Taylor violated it, much less seek damages for any violation.   Rather, the Complaint alleges that Taylor violated United States copyright law.  Accordingly, Light's copyright claim in this action cannot be said to arise under the Corbis User Agreement. [Citations.]   Because Light's claims do not arise under the Corbis User Agreement, this Court need not determine whether Light was a third-party beneficiary of that Agreement."[128]

On appeal, the Second Circuit affirmed the ruling, explaining:

---

[126] *Light v. Taylor*, 2007 WL 274798, at *6 (S.D.N.Y. Jan. 29, 2007), *aff'd,* 317 F. App'x 82 (2d Cir. 2009).
[127] *Id.*
[128] *Id.*

"Light failed to demonstrate that Taylor consented to New York jurisdiction by entering a user agreement with Corbis.  Forum selection clauses are enforced only when they encompass the claim at issue.  *See Roby v. Corporation of Lloyd's*, 996 F.2d 1353, 1361 (2d Cir.1993).  The relevant clause here applies only to disputes 'regarding' the agreement.  *Light's copyright claims are not governed by the forum selection clause because they do not encompass a dispute with respect to the Corbis agreement.*"[129]

### C.   It would be fundamentally unfair to bind Yamashita to a forum selection clause in the PPAs.

Yamashita did not know about the existence of the PPAs before this lawsuit, and had no notice of any forum selection clause therein.[130]  And the heavily-redacted PPAs on their face state: "All information contained in this agreement is confidential."[131]  Adjudicating a 28 U.S.C. § 1404(a) transfer motion calls upon the Court to undertake an "individualized, case-by-case consideration of convenience and *fairness*,"[132] and "[f]orum selection clauses … may be deemed unfair … if the party had no notice of the forum provision."[133]  That is the case here.

### D.   Applying the *Jumara* balancing test, Yamashita's case should stay in the District of New Jersey.

#### 1.   Contrary to Scholastic's argument, the *Atlantic Marine* adjustments to the usual transfer analysis do not apply.

In *Jumara*, the Third Circuit identified private and public interests that

---

[129] *Light v. Taylor*, 317 Fed.Appx. 82, 83-84 (2d Cir. 2009) (emphasis added).
[130] Yamashita Decl., ¶¶ 6-7.
[131] *See* Rosenthal Decl., Ex. C (Doc. 16-5), p. 2 of 13, Ex. D (Doc. 16-6), p. 2 of 13.
[132] *Stewart Organization*, 487 U.S. at 29 (emphasis added).
[133] *Rodriguez v. PepsiCo Long Term Disability Plan*, 716 F.Supp.2d 855, 858 (N.D. Cal. 2010), *citing Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991).

courts should consider to determine whether on balance whether a case should be transferred.[134]  But Scholastic asserts that under the Supreme Court decision in *Atlantic Marine Construction Co., Inc. v. District Court*,[135] the "forum selection clauses *alone require* transfer."[136]  Scholastic is mistaken.  For reasons discussed above, Scholastic has failed to prove that a majority of the claims fall within the scope of any applicable forum selection clause (the PPAs were not even in effect when all of the Corbis invoices in dispute were issued).  And where only *some* of a plaintiff's claims are subject to a forum selection clause, *Atlantic Marine* does eliminate the need for application of the *Jumara* test.[137]  Hence, Scholastic still must show, and has not shown, that "the convenience of the parties and witness" and the "interest of justice" weigh in favor of transfer.[138]

## 2.   The pertinent private factors weigh against transfer.

Wrongly relying on *Atlantic Marine,* Scholastic's motion gives short shrift

---

[134] 55 F.3d at 879-80.

[135] 134 S.Ct. 568 (2013).

[136] Memorandum of Law (Doc. 16-1), p. 11 (emphasis added).

[137] *See Eastcott v. McGraw-Hill Global Educ. Holdings, LLC*, 2016 WL 3959076 *1, 3 (E.D. Pa. July 22, 2016) ("*Atlantic Marine* does not displace § 1404(a)" when the "forum selection clause only implicates a fraction of the claims"); *Samuels v. Medytox Solutions, Inc.*, 2014 WL 4441943 * 7 (D.N.J. 2014) (rejecting application of *Atlantic Marine* in case involving "contracts with two disparate forum selection clauses" and considering both private and public interest factors). In this regard, *Sohm v. Scholastic, Inc.*, Civ. No. 2:16-cv-03777 (C.D. Cal. 2016), Doc. 23, cited by Scholastic, is at odds with *Eastcott* and *Samuels*, and was wrongly decided.

[138] 28 U.S.C. § 1404(a).

to discussion of the private and public interest factors, which weigh against transfer.

**Plaintiff's choice of forum.**  Yamashita lives in New Jersey and has sued in his home District.  A plaintiff's choice of venue – especially his home District – "should not be lightly disturbed."[139]

**Convenience of witnesses, and location of documents.**  In 1994 the District of Delaware noted that these factors "are somewhat antiquated," and "[t]echnological changes have made an already high burden on the moving party, to show that the factors strongly favor transfer, even higher.[140]  To the extent the convenience of witnesses is considered, it is only relevant to the extent that the witnesses may be unavailable for trial.[141]  Hence, a moving party must show that its witnesses are both unavailable and "necessary to the litigation."[142]

But Scholastic does not identify the location of a single representative with knowledge of material facts, or explain why any such witness cannot be available for trial in this District.  In this regard, Scholastic's witness in *Palmer/Kane* about

---

[139] *Jumara,* 55 F.3d at 879.

[140]  *Tuff Torq Corp. v. Hydro-Gear Ltd. Partnership*, 882 F.Supp. 359, 363 (D. Del. 1994).

[141] *Superior Precast, Inc. v. Safeco Ins. Co. of Am.,* 71 F. Supp. 2d 438, 445 (E.D. Pa. 1999) (private interests include "the convenience of witnesses, only to the extent that a witness may be unavailable for trial in one of the fora").

[142] *Pennsylvania Mach. Works, Inc. v. N. Coast Remanufacturing Corp.,* 2004 WL 2600117, at *6 (E.D. Pa. 2004) ("bare allegations do not prove that litigating the case in Pennsylvania will cause … witnesses substantial inconvenience").

its electronic records signed her declaration **in New Jersey**.[143]  Scholastic's motion is also silent about where pertinent documents are located, making no claim that they are in New York.  In fact, Scholastic's principal *warehouse* is in Missouri.[144]

**Relative financial condition of the parties.**  Yamashita is an individual photographer, while Scholastic is a large, international textbook publishing company with $1.67 billion in revenue for the fiscal year ending May 31, 2016.[145]  Given the vast disparity of resources, the burden *created* by transferring the case to the Southern District of New York would be much greater on Yamashita.

### 3.   The public factors also weigh against transfer.

The interest in adjudicating local controversies at home weighs against transfer.  Scholastic is a global textbook publisher, distributing books all over the country and the world.  Everywhere Scholastic sold infringing products it profited from the unauthorized use of Yamashita images.  Yamashita is a resident of New Jersey, and sued in his home District.  There is no reason why the SDNY has a greater interest in widespread copyright infringement than this District.

## V.   THE COURT SHOULD DENY SCHOLASTIC'S REQUEST FOR A STAY OF DISCOVERY.

No stay of discovery should be ordered for the following reasons.  **First**, Scholastic completely misses the true significance of *Grant Heilman Photography,*

---

[143] *See* Albright Decl., Ex. H.
[144] *See* Scholastic Annual Report (Albright Decl., Ex. C), p. 5.
[145] *Id.*, p. 16.

*Inc. v. McGraw-Hill Cos., Inc.*, in which, "[o]n September 24, 2014, the jury returned a verdict in favor of GHPI on all 53 claims" that were submitted to the jury.[146]  Notably, the jury *rejected* the defendants' statute of limitations defense finding that the defendants "had not proven that GHPI was on inquiry notice of McGraw-Hill's infringement" more than three years before the suit was filed.[147]  As Judge Baylson stated, the jury's finding "under the Third Circuit's 'discovery rule,' rendered all of GHPI's claims at issue in the bellwether trial timely."[148]

**Second**, the discovery rule is the law in the Third Circuit,[149] and *Petrella v. Metro-Goldwyn-Mayer, Inc.*,[150] did not change that.  Courts have uniformly rejected arguments that *Petrella* adopted the "injury rule."[151]

---

[146] *Grant Heilman Photography, Inc. v. McGraw-Hill Companies*, 115 F.Supp.3d 518, 521 (E.D. Pa. 2015).

[147] *Id.*

[148] *Id.*

[149] *William A. Graham Co. v. Haughey*, 568 F.3d 425, 433-37 (3d Cir. 2009) (joining eight sister courts of appeals and holding that "federal discovery rule governs the accrual of civil claims brought under the Copyright Act").

[150] 134 S.Ct. 1962 (2014).

[151] *See, e.g., Lefkowitz v. Wiley*, 2014 WL 2619815 *13, n. 9 ("[A] suggestion that the Supreme Court may favor the injury rule, without more, does not trump Second Circuit precedent.  For now, *Psihoyos* [*v. John Wiley & Sons, Inc.*, 748 F.3d 120, 124-25 (2d Cir. 2014) (adopting the discovery rule)] remains the law of this Circuit."); *Cooley v. Penguin Group (USA) Inc.*, 31 F.Supp.3d 599, 611, n. 76 (S.D.N.Y. 2014) ("[I]n a footnote … [*Petrella*] indicated that it had not passed on the question whether the accrual of an infringement claim occurs on the date of the infringement or the date of discovery.  Thus, it would be inappropriate to take the quoted text as determining the accrual question.  In these circumstances, this Court is bound by *Psihoyos*.").

**Third**, Scholastic argues that discovery "must necessarily occur when Plaintiff has the information necessary to bring suit," but then Scholastic spins a fictional version of the facts.  Contrary to Scholastic's arguments, the gravamen of the majority of Yamashita's claims is whether Scholastic infringed copyright by *exceeding license limits*.[152]  No infringement claim could be discovered, and accrue, until Scholastic in fact exceeded the limits of the licenses at issue.  But, as explained above, Corbis did not provide the invoices to Yamashita, and Yamashita even now does not know what the license limits were because Scholastic is playing games and refuses to provide the invoices.  Further, as discussed above, Scholastic treats its usage information as *confidential*, and when it provided that usage information in discovery in *Palmer/Kane* it was subject to a *protective order.* Given these undisputed facts, there is no basis for Scholastic's specious suggestion that Yamashita somehow has already discovered when Scholastic first exceeded the scope of the limited licenses that Corbis granted to Scholastic.

**Fourth**, Scholastic's proposed stay not only would *not* make this litigation more efficient, it would make it *impossible* for the Court to decide any limitations issues.  As Judge Dow explained in *Frerck v. John Wiley & Sons, Inc.*, a defendant like Scholastic *cannot* prove a time bar without submitting evidence – on a claim-by-claim basis – of when its infringements began and when (if ever) they ended:

---

[152] Complaint ¶¶ 8-12.

> "Defendant's infringement of each photograph was done in a particular way, at a particular time.  Defendant has not submitted evidence establishing when its infringement of Plaintiff's images began and ended.  Therefore, Defendant's failure to prove when it infringed Plaintiff's images with respect to each claim involved in this motion prevents the Court from determining (1) if Defendant's infringement were timely under any circumstance, and (2) when Plaintiff knew or reasonably should have known of the underlying facts giving rise to each infringement…. Defendant has the burden to prove that Plaintiff's claims are untimely, and it has failed to do so."[153]

The same analysis will apply here, and it therefore makes no sense for Scholastic to propose that Yamashita be denied immediate discovery regarding the license limits stated in the invoices, and all of Scholastic's actual uses.

**Fifth,** contrary to Scholastic's argument, *Petrella's* separate-accrual rule – *i.e.*, the Copyright Act's limitations period runs separately from the date of each successive violation – does not mean that Yamashita is limited to recovery for infringements within the three years before suit.  Instead, when a plaintiff brings a copyright infringement action within three years of discovery, there is no limitation on the damages that are recoverable, no matter when the infringement occurred.  That was the result in the Second Circuit's decision in *Psihoyos*.[154]  Other courts have reached the same result.  In *Panoramic Stock Images, Ltd. v. McGraw-Hill*

---

[153] 2014 WL 3512991 * 6 (N.D. Ill. 2014).

[154] The District Court in *Psihoyos* rejected the defendant's argument that the plaintiff's damages were limited to infringing acts occurring in the three years before suit.  *Psihoyos v. John Wiley & Sons, Inc.*, 2011 WL 4916299 * 5 (S.D.N.Y. 2011).  The Second Circuit affirmed, holding that the "statute of limitations did not bar *any* of Psihoyos's infringement claims."  141 F.3d at 125 (emphasis added).

*Global Education Holdings, LLC*, the District Court found that the plaintiff "did not learn, and reasonably could not have learned, that McGraw-Hill infringed specific Panoramic copyrights until at least October 2012."[155]  And the Court held that Panoramic could "pursue damages for all infringing activity that it first became aware of in October 2012, including infringements that ended in 2008."[156]

**Finally**, courts have rejected efforts to limit discovery based upon the statute of limitations in infringement cases.  For example, *Boehm v. Scheels All Sports, Inc.*, held that under the discovery rule "the three-year statute of limitations does not provide a rigid limit for proper discovery requests.[157]  And *Phillip M. Adams & Associates, L.L.C. v. Dell, Inc.* likewise overruled the statute of limitations as a basis for imposing limits on discovery.[158]

## VI.   CONCLUSION.

The Court should deny Scholastic's motion in its entirety.  If the Court is inclined to grant Scholastic's Rule 12(b)(6) motion, however, the Court should grant Yamashita leave to amend.  Yamashita respectfully requests oral argument.

---

[155] 2015 WL 393381 * 2 (N.D. Ill. Jan. 27, 2015).

[156] *Id.*

[157] 2016 WL 1559183 *2 (W.D. Wis. 2016) ("Claims based on older uses might turn out to be time-barred, but discovery of the older uses is allowed.")

[158] 2008 WL 201136 *3, 4 (D. Utah 2008) (third party defendant Winbond improperly "attempts to use a legal principle to conclusively determine discovery"; "Winbond must produce documents and provide information related to the subject matter of [plaintiff's] claims regardless of time frame").

Respectfully Submitted:

DATED:  October 3, 2016            Plaintiffs Michael Yamashita and
                                   Michael Yamashita, Inc., by their attorneys,

                                   */s/ Ben D. Manevitz*

                                   The Manevitz Law Firm
                                   805 Clifton Ave
                                   Clifton, NJ 07013
                                   ben@manevitz.com
                                   (973) 556-4164

                                   Maurice Harmon (*Of counsel*)
                                   Harmon & Seidman LLC
                                   11 Chestnut Street
                                   New Hope, PA 18938
                                   (215) 693-1953
                                   Email:  maurice@harmonseidman.com