# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL YAMASHITA and MICHAEL YAMASHITA, INC., | Civ. No. 2:16-cv-03839 (SRC)(CLW) |
| Plaintiffs, | **ORAL ARGUMENT REQUESTED** |
| v. | |
| SCHOLASTIC INC., | |
| Defendant. | |

## MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

LOWENSTEIN SANDLER LLP
Robert J. Kipnees
Jamie Gottlieb Furia
65 Livingston Avenue
Roseland, New Jersey 07068
Phone: (973) 597-2500
Fax: (973) 597-2400

FRANKFURT KURNIT KLEIN & SELZ, P.C.
Edward H. Rosenthal*
Nicole Bergstrom*
488 Madison Avenue, 10th Floor
New York, New York 10022
Phone: (212) 980-0120
Fax: (212) 593-9175
*Admitted *pro hac vice*

*Attorneys for Defendant Scholastic Inc.*

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT .................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

    I.    PLAINTIFFS FAIL TO STATE A CLAIM FOR
        COPYRIGHT INFRINGEMENT .................................................................................. 2

        A.    Plaintiffs Should Not be Permitted to Audit Scholastic .............................. 2

    II.    THIS CASE SHOULD BE TRANSFERRED TO
        THE SOUTHERN DISTRICT OF NEW YORK ....................................................... 3

    III.    SHOULD THIS CASE PROCEED, DISCOVERY SHOULD
        BE LIMITED TO WHETHER THE COMPLAINT IS
        BARRED BY THE STATUTE OF LIMITATIONS ............................................. 7

CONCLUSION .............................................................................................................................. 9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..................................................................................................................2

*Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*,
    134 S. Ct. 568 (2013) ................................................................................................................5

*Foster v. Chesapeake Ins. Co., Ltd.*,
    933 F.2d 1207 (3d Cir. 1991), *cert. denied*, 933 F.2d 1207 (1991) ..........................................6

*Jon Feingersh Photography, Inc. v. Houghton Mifflin Harcourt Pub. Co.*,
    No. CIV.A. 13-2378, 2014 WL 716723 (E.D. Pa. Feb. 25, 2014) ............................................4

*Keller, Light v. Taylor*,
    No. 05 Civ. 5003, 2007 WL 274798 (S.D.N.Y. Jan. 29, 2007), *aff'd*, 317 F.
    App'x 82 (2d Cir. 2009) ............................................................................................................5

*Keller v. McGraw-Hill Glob. Educ. Holding, LLC*,
    No. CIV.A. 16-1778, 2016 WL 4035613 (E.D. Pa. July 28, 2016) ......................................4, 5

*MoneyGram Payment Sys., Inc. v. Consorcio Oriental, S.A.*,
    65 F. App'x 844 (3d Cir. 2003) .................................................................................................6

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
    134 S.Ct. 1962 (2014) ...........................................................................................................7, 8

*Selective Way Ins. Co. v. Glasstech, Inc.*,
    No. CV 14-3457, 2016 WL 2869054 (D.N.J. May 17, 2016) ..............................................5, 6

*Sohm v. McGraw-Hill Global*,
    No. 2:16-cv-01316-SJO-KS (C.D. Cal.), Dkt No. 44 ................................................................5

*Sohm v. Scholastic, Inc.*,
    No. 2:16-cv-003777 .................................................................................................................5

*Wu v. John Wiley & Sons, Inc.*,
    No. 14 Civ. 6746, 2015 WL 5254885 (S.D.N.Y. Sept. 10, 2015) ............................................8

*Young-Wolff v. McGraw-Hill Cos.*,
    No. 13 Civ. 4372, 2014 WL 349711 (S.D.N.Y. Jan. 31, 2014) ....................................3, 4, 5, 7

**PRELIMINARY STATEMENT**

In its moving brief (the "Brief" or "Br."), Scholastic argued that Plaintiffs' actual goal in this action is an audit of Scholastic's uses of their Photographs – a right they do not have either under the Copyright Act or any contract they identify – and that the Complaint should therefore be dismissed. *Id.* at 7-8. Plaintiffs' opposition to Scholastic's motion (the "Opposition" or "Opp. Br."), makes clear that Scholastic was correct.

Plaintiffs repeat their complaint that "Scholastic alone knows the full extent to which it has infringed Yamashita's copyrights" (Opp. Br. at 4 (citing Complaint ¶ 15)), admitting once again that they have no information on *how* or *when* – or even *if* – their copyrights were allegedly infringed, information they would need to properly allege a claim for copyright infringement. Plaintiffs further claim that "Yamashita has not requested any 'audit' in his Complaint or otherwise" (*id.* at 18), but admit that they have already sought to leverage the threat of this lawsuit into having Scholastic provide "accurate information about Scholastic's uses and its overseas affiliates' uses of Yamashita's images" not limited to those in this Complaint so that they could determine compliance with licenses. *Id.* at 4. They suggest that Scholastic is "making [things] up" when it claims they are using this lawsuit to secure an audit (*id.* at 18), but go on to claim that they have such a right under either the Preferred Vendor Agreements between Scholastic and their agent (the "PVAs") or the Copyright Act. *Id.* at 19-22. Remarkably, while not disputing that they lack any audit right under the Copyright Act, Plaintiffs admit that this is precisely what they would seek through discovery. *Id.* at 18-19.

Plaintiffs also ignore the forum selection clauses in the agreements between Scholastic and their agent – which gave rise to the very invoices they now allege Scholastic exceeded (Complaint ¶¶ 9-10) – in seeking to keep this case in this Court. Instead, they suggest that the

invoices, and not the PVAs, must govern. Opp. Br. at 26-27. But, the language of the PVAs makes clear that their terms and conditions are imported to the invoices (Br. at 10, n.6), which would include the forum selection clause, and many courts have now rejected Plaintiffs' argument to the contrary.

Finally, should this matter continue, in light of Plaintiffs' failure to articulate a basis for suggesting any infringement occurred, and stated intention to use discovery to secure an audit, discovery in the first instance should be limited to whether any of Plaintiffs' claims are timely under the statute of limitations.

## ARGUMENT

### I. PLAINTIFFS FAIL TO STATE A CLAIM FOR COPYRIGHT INFRINGEMENT

As Scholastic anticipated in its opening papers (Br. at 5, n.3), Plaintiffs quibble over the correct pleading standard (Opp. Br. at 7-12), blame Scholastic for the Complaint's lack of specific allegations (*id.* at 16) and suggest that they should be able to use discovery to audit Scholastic for the facts they should have alleged in their Complaint. *Id.* at 18-19. None of this changes the fact that Plaintiffs attempt to use bald conclusions of infringement, devoid of facts, to gain entry to Scholastic's records – exactly what Rule 8 was meant to prevent. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (Although "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

#### A. Plaintiffs Should Not be Permitted to Audit Scholastic

Plaintiffs assert that the bare and conclusory allegations in the Complaint adequately plead by what acts and at what time their copyrights were allegedly infringed. Opp. Br. at 7-18. As Scholastic recognized in its opening brief, other courts have, at times, allowed vaguely pled

claims to proceed past the motion to dismiss stage (*see* Br. at 6, n.4 (citing *Quadratec, Inc. v. Turn 5, Inc.*, Civ. No. 13-6384, 2015 WL 4876314, at *5 (E.D. Pa. Aug. 13, 2015)), but that should not be the case here, where Plaintiffs admit they have no information of actual infringement.  Opp. Br. at 4 (citing Complaint ¶ 15).

Despite Plaintiffs' protests, their Opposition only supports Scholastic's argument that what they are actually seeking is an audit of *all* of Scholastic's uses of their photographs apparently *for all time*.  They admit that they tried to use the threat of a lawsuit to do exactly that. *Id.* at 4.  They further admit that they lack any right to an audit under the Copyright Act, but acknowledge that they would use discovery in this matter as a work around in order to accomplish this very goal.  *See id.* at 18-19 (arguing that *Young-Wolff v. McGraw-Hill Cos.*, No. 13 Civ. 4372, 2014 WL 349711, at *6-8 (S.D.N.Y. Jan. 31, 2014) "did *not* hold that a licensor … cannot conduct *discovery* in support of adequately-pleaded copyright infringement claims") (emphasis in original).  Scholastic respectfully submits that it should not be required to throw open its doors and scour its offices for files – some of which are twenty years old – when the only information Plaintiffs muster is that many years ago Scholastic properly licensed and published certain of their photographs.

## II. THIS CASE SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF NEW YORK

Plaintiffs have failed to show why the forum section clauses in their agent's agreements with Scholastic do not mandate transfer of this case to the Southern District of New York.  Instead they try to hide the ball, suggesting that the invoices, and not the PVAs, must govern venue[1] (Opp. Br. at 26-27), and claiming that Plaintiffs' own strategic decision not to bring a

---

[1] Plaintiffs simultaneously suggest that Scholastic's motion for transfer fails because it "has not proved that the Corbis invoices exist now, or existed at the time of the [PVAs]."  Opp. Br. at 28 n.108.  This is a strange argument for Plaintiffs to make given that the Complaint is based on the

breach of contract claim somehow renders the PVAs irrelevant. *Id.* at 30-31. Further, while they admit that "the Third Circuit has explained that a forum selection clause in a contract can relate to tort claims *when* both 'arise out of the contractual relation *and implicate the contracts terms*'" (*id.* at 31 (citing *Crescent Int'l, Inc. v. Avatar Communities, Inc.*, 857 F.2d 943, 944 (3d Cir. 1988))), they argue that Scholastic is making an "self-serving *conclusion* or speculation" that the PVAs' terms will be implicated here. *Id.* (emphasis in original).

There is nothing speculative or conclusory about Scholastic's argument. In *Keller v. McGraw-Hill Glob. Educ. Holding, LLC*, No. CIV.A. 16-1778, 2016 WL 4035613 (E.D. Pa. July 28, 2016), an almost identical case also involving Corbis PVAs, the court held that "[b]ecause the Licenses are the byproduct of the [PVAs], any contractual obligations contained therein would apply to the Licenses." *Id.,* at *4. This is evident on the face of the PVAs, which state that "[a]ny and all *licenses* granted by Corbis are conditioned upon [] Your compliance with all provisions of [the PVA]." *See* Dkt Nos. 12-5, 12-6 (emphasis added). The PVAs also very clearly cover copyright infringement claims, extending, by their terms, to claims governed by "Title[] . . . 17 . . . of the U.S.C.," *i.e.,* the Copyright Act. Dkt Nos. 12-5, 12-6 ¶ 21; *accord Keller*, 2016 WL 4035613, at *5 (citing this language).[2]

---

fact that "Yamashita – acting through Corbis – sold Scholastic *limited licenses* to use copies of the Photographs" (Complaint ¶ 10 (emphasis added)) – which Plaintiffs go on to identify by number and date in the Exhibit to the Complaint – and that "Scholastic exceeded the licenses" thereby infringing Plaintiffs' Photographs. *Id.* ¶ 13.

[2] Plaintiffs' suggestion that the decision to transfer in the cases cited by Scholastic on page 10 of its Brief was driven by the inclusion of a breach of contract claim (Opp. Br. at 30-31) is false. In each case, the court analyzed the copyright claim separately of the contract claim (*see Jon Feingersh Photography, Inc. v. Houghton Mifflin Harcourt Pub. Co.*, No. CIV.A. 13-2378, 2014 WL 716723, at *4 (E.D. Pa. Feb. 25, 2014) (citing both *Lefkowitz* actions)), and determined that transfer was appropriate, and *Keller* did not involve a breach of contract claim at all. *See Keller*, 2016 WL 4035613, at *6.

4

Unlike *Keller, Light v. Taylor,* No. 05 Civ. 5003, 2007 WL 274798 (S.D.N.Y. Jan. 29, 2007), *aff'd*, 317 F. App'x 82 (2d Cir. 2009) (cited by Plaintiffs at Opp. Br. at 32-33) is distinguishable, and thus does not offer Plaintiffs any support. In *Light*, the claims could not "be said to arise under the Corbis User Agreement" because that case involved entirely different allegations that defendants destroyed the integrity of the photograph – there a single photograph of John Kerry rather than stock photography – which is a claim that clearly would not be subject to the PVAs. *Id.* at *5-6; *accord Keller*, 2016 WL 4035613, at *5 (distinguishing *Light* on these grounds).

Finally, Plaintiff's arguments regarding the private interest factors that they claim counsel against transfer are no longer relevant after *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 134 S. Ct. 568 (2013). As the court held in *Sohm v. McGraw-Hill Global,* No. 2:16-cv-01316-SJO-KS (C.D. Cal.), Dkt No. 44, dated June 6, 2016 at 5 (attached to the Reply Declaration of Edward H. Rosenthal, dated October 11, 2016 (the "Rosenthal Reply Decl.") as Ex. A (the "*McGraw-Hill* Order")) – again, in a nearly identical case involving the same Corbis PVAs, and where only a portion of the uses were covered by those PVAs – "the Supreme Court [by *Atlantic Marine*] has issued a clear directive to enforce forum selection clauses when adjudicating a motion to transfer venue."[3]  *Id.* at 6; *see also Selective Way Ins. Co. v. Glasstech, Inc.*, No. CV 14-3457, 2016 WL 2869054, at *9 (D.N.J. May 17, 2016) (after *Atlantic Marine,* "the presence of a valid, mandatory forum selection clause in this instance radically alters the

---

[3] Plaintiffs attempt to draw attention away from the fact the PVAs undoubtedly cover and require transfer of 88 out of 119 uses, by fancifully suggesting that there may be additional, entirely unlicensed, uses. Opp. Br. at 25-26. This suggestion is not only unsupported, but does not change the fact that many courts have transferred despite the fact that a portion of claims did not fall under the PVAs. *See McGraw-Hill* Order at 5 (transferring where 296 of 599 claims fell under PVAs); *Sohm v. Scholastic, Inc.,* No. 2:16-cv-003777, dated September 6, 2016, Dkt No. 23 at 4 (transferring where 29 of 88 claims fell under PVAs), attached as Exhibit B to the Rosenthal Reply Decl.

5

relevant analytical framework, by narrowing the transfer inquiry to only the public-interest factors…However, because the private-interest factors will rarely defeat a transfer motion, the forum-selection clause should control in all but the most unusual cases.") (internal quotation omitted).

Further, despite Plaintiffs' attempts to throw the burden on Scholastic, pursuant to *Atlantic Marine*, a valid forum selection clause flips the burden to Plaintiffs to establish that transfer would be "unwarranted." *Selective Way,* at *9. This is consistent with Third Circuit law, which holds that "forum selection clauses are 'prima facie valid and should be enforced unless enforcement is shown *by the resisting party* to be 'unreasonable' under the circumstances.'" *Foster v. Chesapeake Ins. Co., Ltd.,* 933 F.2d 1207, 1213 (3d Cir. 1991), *cert. denied*, 933 F.2d 1207 (1991) (quoting *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)) (emphasis added); *see also MoneyGram Payment Sys., Inc. v. Consorcio Oriental, S.A.*, 65 F. App'x 844, 847-48 (3d Cir. 2003) ("[A] valid forum selection clause [should be] given controlling weight in all but the most exceptional case.") (quoting *Stewart Org. Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988)) (citation and internal quotation marks omitted)). Plaintiffs cannot satisfy this burden.

Indeed, Plaintiffs do not actually address the public interest factors at all, but rather repeat their complaints that they reside in New Jersey and that their choice of forum should be respected. Opp. Br. at 36 (arguing, ostensibly to the public interest factors, that "Yamashita is a resident of New Jersey, and sued in his home District."). This has little to do with the actual public interest factors of enforceability of judgment and administrative difficulty that Scholastic identified in its opening brief. Br. at 12-13. To the extent Plaintiffs' argument should be considered at all, and even leaving aside that these courthouses are a few miles apart in

6

contiguous states, this same argument was rejected in the *McGraw-Hill* Order. *See id.* at 6. While the Court was sympathetic to "Plaintiff's concerns about travel costs" and recognized that the publisher defendant was "a large corporation, with the resources to litigation in either California or New York," neither fact changed the fact that Scholastic had bargained for a forum selection clause, and that Scholastic's expectation that it would be enforced should not be overturned by Plaintiff's residence. *Id.*

### III. SHOULD THIS CASE PROCEED, DISCOVERY SHOULD BE LIMITED TO WHETHER THE COMPLAINT IS BARRED BY THE STATUTE OF LIMITATIONS

If this action proceeds, discovery at the outset should be limited to whether Plaintiffs' claims are barred by the statute of limitations. Plaintiffs assert that they should be able to bring this action despite admitting that they have no information as to *how* or *when* – or even *if* – any of their Photographs were infringed, but appear to suggest that the statute of limitations has not even *begun* to run on their claims because "[n]o infringement claim could be discovered, and accrue, until Scholastic in fact exceeded the limits of the licenses at issue." Opp. Br. at 38. Following this logic, Plaintiffs can not only sue on twenty-year-old licenses, as they do here, but could have delayed this suit *indefinitely*.[4]

This is precisely what the Supreme Court sought to avoid by its decision in *Petrella v. Metro-Goldwyn-Mayer, Inc.,* 134 S.Ct. 1962 (2014), which held that "under the [Copyright] Act's three-year provision, an infringement is actionable within three years, *and only three years*,

---

[4] Plaintiffs' argument that they can pursue damages essentially dating back forever flies in the face of both law and logic. Taken to its logical conclusion, a licensee who contributed to the 1939 motion picture The Wizard of Oz, did not include an audit right in its agreement with the motion picture producer, and only now "discovers" that it thinks it may not have been paid in full could seek damages extending for the 77 years since the movie was released. This proposition would have a devastating effect not only on the publishing and entertainment industries, but in any area of business where a licensee is required to pay royalties or otherwise to account to a licensor.

7

of its occurrence" (*id.* at 1969 (emphasis added)) because Congress, through § 507(b), had provided that a plaintiff could "gain retrospective relief running *only three years back from the date the complaint was filed.*" *Id.* at 1970 (emphasis added). The Court was clear that this three-year lookback applies no matter whether the injury or discovery rule is enforced. *See id.* at 1969-70, n.4 (noting both the discovery and injury rules, and applying the three-year lookback without choosing). Therefore, even leaving aside whether the discovery or injury rule should apply in light of *Petrella,* there is little debate that Plaintiffs' *damages* are limited to this period.

Plaintiffs attempt to side-step this argument by pointing to a single case from the Northern District of Illinois. Opp. Br. at 39-40 (citing *Panoramic Stock Images, Ltd v. McGraw-Hill Glob. Educ. Holdings, LLC*, No. 12 C 9881, 2015 WL 393381 (N.D. Ill. Jan. 27, 2015)). But, the court in *Wu v. John Wiley & Sons, Inc.*, No. 14 Civ. 6746, 2015 WL 5254885 (S.D.N.Y. Sept. 10, 2015) – cited by Scholastic (Br. at 15) and ignored entirely by Plaintiffs – rightly followed the language of *Petrella*, and was clear that even where the discovery rule applies, Plaintiff can "recover 'retrospective relief running *only three years back from the date the complaint* was filed.'" *Id.*, at *6 (quoting *Petrella*, 134 S.Ct. at 1969) (emphasis added).

At a minimum, Plaintiffs are barred under *Petrella* from recovering damages prior to June 28, 2013, three years from the date of filing of the Complaint. This is particularly important where Plaintiffs provide no basis for believing that their Photographs have even been infringed. Scholastic should not be required to provide usage or revenue information – some dating back twenty years – with respect to claims that are outside this three year lookback simply because Plaintiffs have made unsupported claims.

8

## **CONCLUSION**

For each of the foregoing reasons, Scholastic respectfully requests that the Court grant its motion to dismiss the Complaint in its entirety, with prejudice, or, in the alternative, transfer this action to the Southern District of New York. Finally, should this action proceed in this District, discovery at the outset of the case should be limited to determining which, if any, of Plaintiffs' claims have been brought within the three-year statute of limitations.

Dated: Roseland, New Jersey
      October 11, 2016

LOWENSTEIN SANDLER LLP
By: /s/ Robert J. Kipnees
    Robert J. Kipnees
    Jamie Gottlieb Furia
65 Livingston Avenue
Roseland, New Jersey 07068
Phone: (973) 597-2500
Fax: (973) 597-2400

FRANKFURT KURNIT KLEIN & SELZ, P.C.
    Edward H. Rosenthal*
    Nicole Bergstrom*
488 Madison Avenue, 10th Floor
New York, New York 10022
Phone: (212) 980-0120
Fax: (212) 593-9175
erosenthal@fkks.com
nbergstrom@fkks.com
*Admitted *pro hac vice*

*Attorneys for Defendant Scholastic Inc.*