**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL YAMASHITA and MICHAEL YAMASHITA, INC., | **Civil Action No. 16-3839 (SRC)** |
| Plaintiffs, | **OPINION** |
| v. | |
| SCHOLASTIC INC., | |
| Defendant. | |

**CHESLER**, District Judge

This matter comes before the Court upon the motion filed by Defendant Scholastic Inc. ("Scholastic") to dismiss the Complaint or, in the alternative, to transfer this action to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1404(a). For the reasons discussed below, the Court will grant the motion to transfer the action to the Southern District of New York.

This case arises from a dispute over alleged copyright infringement. The Complaint alleges that Plaintiffs Michael Yamashita and Michael Yamashita, Inc. (collectively, "Yamashita") own the copyrights in certain photographs, and that Plaintiffs entered into agreements with a stock photography agency, Corbis Corporation ("Corbis"), to license use of the photographs to others. The Complaint alleges that Plaintiffs, acting through Corbis, granted limited licenses for use of the photographs to Scholastic. The Complaint alleges that Scholastic used the photographs in ways that violated the terms of the licenses and infringed the copyrights.

1

Scholastic has moved both to dismiss the Complaint for failure to state a valid claim for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, to transfer this action to the Unites States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1404(a). Because this Court will grant the motion to transfer, it does not reach the motion to dismiss.

Scholastic contends that the case should be transferred pursuant to a valid forum selection clause in agreements it made with Corbis, termed "Preferred Vendor Agreements" ("PVAs"). Scholastic asserts that it has found four PVAs that apply to over 70% of the uses at issue in this case, and that all four contain a forum selection clause that provides that the parties have chosen to litigate any disputes in the Southern District of New York.

Yamashita opposes the motion to transfer on four grounds: 1) the PVAs have not been authenticated; 2) the copyright disputes do not fall within the scope of the forum selection clauses; 3) Yamashita had no notice of the PVAs and it would be fundamentally unfair to bind him to their provisions; and 4) Atlantic Marine does not apply to this motion, and the Jumara factors weigh against transfer.

Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

As to the first argument, Yamashita cites no authority to support the proposition that Scholastic must authenticate the PVAs. The Supreme Court has held that "a valid forum-selection clause should be given controlling weight in all but the most exceptional cases." Atl. Marine Constr. Co. v. United States Dist. Court, 134 S. Ct. 568, 581 (2013) (quotation

omitted). Note that the phrase used in Atlantic Marine, and generally in this jurisprudence, is "*valid* forum-selection clause." Atlantic Marine does not require authentication to find a valid clause, nor has Yamashita pointed to any authority that does.[1]

Yamashita next argues that this copyright dispute does not fall within the scope of the forum selection clause, which states: "Any dispute regarding this Agreement shall be governed by the laws of the State of New York . . . and the parties agree to accept the exclusive jurisdiction of the state and federal courts located in New York, New York . . ." (Rosenthal Dec. Ex. C § 21.) One PVA begins with this statement: "this agreement . . . sets forth the understanding between Corbis . . . and Scholastic . . . with respect to future licensing by Scholastic of images from the Corbis Collection . . ." (Id. at 1.) A second PVA begins with this statement: "this Agreement sets forth the understanding between Corbis . . . and Scholastic . . . with respect to future licensing by Scholastic . . . of images . . ." (Rosenthal Dec. Ex. D at 1.) The Complaint alleges:

> 10. Between 1999 and 2011, in response to permission requests from Scholastic, Yamashita – acting through Corbis – sold Scholastic limited licenses to use copies of the Photographs in particular educational publications identified in Scholastic's requests, as itemized in Exhibit 1.
> . . .

---

[1] Yamashita cites to one district court decision in which the court denied a § 1404(a) motion because a factual dispute over the forum selection clause needed to be resolved, and one with a similar result involving a Rule 12(b)(3) motion. Reinke Mfg. Co., Inc. v. Barksdale, Inc., No. 4:15CV3072, 2015 WL 8665331, at *3 (D. Neb. Dec. 11, 2015) (§1404(a) motion); Bean v. Pearson Educ., Inc., No. CV 11-8030-PCT-PGR, 2011 WL 1882367, at *9 (D. Ariz. May 17, 2011), vacated and remanded, 585 F. App'x 461 (9th Cir. 2014) (Rule 12(b)(3) motion). This Court need not consider the persuasiveness of these cases because both rested on raising a material factual dispute about the forum selection clause, and Yamashita has not pointed to any evidence in this case that raises a material factual dispute over the applicability or validity of the forum selection clauses.

>13. Upon information and belief, after obtaining the licenses, Scholastic exceeded the licenses and infringed Yamashita's copyrights in the Photographs in various ways . . .

This case arises from a dispute over whether Scholastic used Plaintiff's photographs outside the terms of the licenses obtained under the PVAs. This dispute is a dispute regarding the PVA agreement and falls within the scope of the forum selection provisions.

Plaintiffs next contend that Yamashita had no notice of the forum selection clauses. Without reaching the question of whether notice of the provision is necessary for enforcement, this Court notes that Section 5.03 of the Restatement (Third) of Agency states: "For purposes of determining a principal's legal relations with a third party, notice of a fact that an agent knows or has reason to know is imputed to the principal if knowledge of the fact is material to the agent's duties to the principal." Knowledge of the agreement between Corbis and Scholastic is thus imputed to Plaintiffs, since Plaintiffs are principals and Corbis is their agent.

Last, this Court turns to Plaintiffs' argument that the Jumara balancing analysis produces a result that weighs against transfer. As the parties recognize, the predicate question is whether Atlantic Marine applies to this case: if it does, the Supreme Court's decision is controlling authority. Plaintiffs contend that Atlantic Marine does not apply to a case where only some of the claims are subject to the forum selection clause.[2] This Court need not reach most of the

---

[2] In support of this proposition, Plaintiffs cite two district court decisions. In Eastcott v. McGraw-Hill Glob. Educ. Holdings, LLC, No. CV 16-904, 2016 WL 3959076, at *1 (E.D. Pa. July 22, 2016), the court weighed heavily the fact that only 7% of the claims were subject to the forum selection clause; in the instant case, Scholastic contends that the majority of the claims – over 70% – are subject to the provision. Samuels v. Medytox Sols., Inc., No. CIV.A. 13-7212 SDW, 2014 WL 4441943, at *4 (D.N.J. Sept. 8, 2014), involved two conflicting forum selection clauses and is inapposite. Neither case provides persuasive authority for the proposition that Atlantic Marine does not apply to a case in which the majority of the claims are subject to a forum selection clause.

issues involved in this argument, for two principal reasons: 1) Plaintiffs have provided no basis for this Court to believe that they have brought any claims *not* subject to the forum selection provisions; and 2) this argument runs contrary to the principles stated in Atlantic Marine:

> The enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system. For that reason, and because the overarching consideration under §1404(a) is whether a transfer would promote the interest of justice, a valid forum-selection clause should be given controlling weight in all but the most exceptional cases.

134 S. Ct. at 581. Plaintiffs have not contended, much less persuaded, that the instant case is exceptional, and this Court finds no basis to view it as such. Furthermore, the holding of Atlantic Marine makes clear that, in the presence of a valid forum selection clause, the general rule is that a § 1404(a) motion should be granted: "When a defendant files such a motion, we conclude, a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." Id. at 575. The implication of Plaintiffs' argument is that, if any claims are not subject to the forum selection clause, that constitutes an exceptional case and transfer must be denied. This Court does not agree. Even if Plaintiffs are correct that, perhaps, they may eventually discover some instances in which the forum selection clause does not apply, they still have not persuaded this Court that such a circumstance suffices to make this an exceptional case. Because Plaintiffs have not persuaded this Court that this is an exceptional case, under Atlantic Marine, the forum selection clauses must be given controlling weight.

Moreover, in Atlantic Marine, the Supreme Court held: "as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum

5

for which the parties bargained is unwarranted." 134 S. Ct. at 581. Plaintiffs here have not met that burden.

For the reasons stated above, the motion to transfer is granted, and this case shall be transferred to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1404(a).

                                               s/ Stanley R. Chesler
                                               STANLEY R. CHESLER
                                               United States District Judge

Dated: November 21, 2016